NEAL C. SHREVE, SR., APPELLEE AND CROSS-APPELLANT, V. AGRICULTURAL PRODUCTS COMPANY, A CORPORATION, ET AL., APPELLANTS AND CROSS-APPELLEES.

113 N. W. 2d 58

Filed January 26, 1962. No. 35084.

*C. Thomas White*, for appellants.

*Wagner & Johnson*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is a law action to recover commissions due on the sale of certain irrigation equipment. A jury was waived. Judgment was entered for the plaintiff. Defendants appealed. Plaintiff cross-appealed as to a deduction of $240 allowed the defendants.

The appellee, Neal C. Shreve, Sr., hereinafter designated as plaintiff, is a dealer in farm equipment at Sioux City, Iowa. The appellants, Irrigation Pump Company, a corporation, and Agricultural Products Company, a corporation, are respectively a manufacturer and a distributor of agricultural equipment. They will hereinafter be designated as defendants.

The defendants concede that the plaintiff acted as their agent in the transactions involved, and that only the amount of plaintiff's commission is in dispute. The dispute grows out of two transactions, for brevity described as the Everson deal and the Warden deal.

Plaintiff testified that he was to receive 10 percent of the gross sale of certain engine-propelled sprinkler systems on the Everson deal, and 5 percent on the Warden deal. This equipment was manufactured by the Irrigation Pump Company and distributed by the Agricultural Products Company. He testified he was also to receive 7½ percent on some pump and gear equipment on the Everson deal, 20 percent on some irrigation pipe on the Warden deal, and 25 cents a foot on test wells drilled on the Warden deal. He further testified that his contract on the main equipment was made with the president of the manufacturing company, and his contract on the other items was based on either previous dealings or specific agreements with representatives of the Agricultural Products Company.

The defendants contend that the plaintiff's commission agreement was made with the assistant sales manager of the Agricultural Products Company on the main equipment, and that there was no specific agreement on the other items.

The defendants agree that the plaintiff was to receive 5 percent on the main equipment in the Warden deal, but that it was to be based only on the amount actually collected by them. On the Everson deal, the defendants contend that plaintiff was to receive 10 percent on the main equipment, less the trade-in; and that

plaintiff also was to absorb one-half the excess credit on the trade-in allowance, and at his own expense was to furnish a man to help install the equipment.

The trial court in effect found that the plaintiff was to receive a commission on all amounts actually collected. He was to receive 10 percent of all cash received on the Everson deal; 5 percent on the cash actually received on the Warden deal; 7½ percent on the pump and gear equipment on the Everson deal; and 20 percent on the irrigation pipe in the Warden deal. The court disallowed the claim for any commission on the test wells which were drilled.

This case is controlled by well-settled legal principles. The findings of a court in a law action in which a jury is waived have the effect of a verdict of a jury, and will not be disturbed on appeal unless clearly wrong. In such case, it is not within the province of this court to resolve conflicts in or to weigh evidence. If there is a conflict in the evidence, this court in reviewing the judgment rendered will presume that the controverted facts were decided by the trial court in favor of the successful party, and the findings will not be disturbed unless clearly wrong. Plummer v. Fie, 167 Neb. 367, 93 N. W. 2d 26.

In considering the sufficiency of the evidence to sustain a verdict or judgment rendered by a court in a case where the jury is waived, the evidence must be considered most favorably to the successful party, any controverted fact resolved in his favor, and he must have the benefit of every inference reasonably deducible from the evidence. Dunbier v. Stanton, 170 Neb. 541, 103 N. W. 2d 797.

It will serve no useful purpose to detail the evidence herein. The testimony of the parties is in irreconcilable conflict on the basic disputes. There is ample evidence to justify the trial court in reaching the conclusion it did. Under the rules set out above, there is no merit to the defendants' assignments of error.

The plaintiff has cross-appealed as to a deduction from the commission allowed him of an item of $240. As stated, the trial court found that the plaintiff's commission was to be paid only on the amounts actually collected by the defendants. He therefore deducted from the sale price $2,400 paid in attorneys' fees, to effect collection on the Everson deal. Plaintiff therefore was not allowed a commission on this $2,400 collection expense. This is in conformity with the general finding of the court that the agreement of the parties was in effect that commissions were to be paid on the net amount received from sales. Plaintiff in no way questions this finding. The court then made an additional finding that the plaintiff should be charged with 10 percent of the collection expense of $2,400, or $240, which he deducted from the amount of the commission found to be due the plaintiff. It is on this item that the plaintiff prosecutes his cross-appeal.

We are unable to find any evidence in the record on which to base this deduction. Defendants' representative testified as follows: "Q. Now, this cost of $2400.00 for collection, was that attorneys' fees? A. Yes, sir. Q. Did you have any agreement in any way with Mr. Shreve that he should bear any part of this attorney fee? A. No, sir. We did not anticipate any collection problems of that kind when our first dealings with Mr. Shreve was originated. Q. When the original sale was made with Mr. Everson, did you discuss with Mr. Shreve that he would have to bear any cost of collection on this account? A. No, sir."

There is no other evidence in the record which would in any way suggest an agreement on this point or indicate any responsibility on the part of the plaintiff for the collection of the account. The record indicates that the defendants actually recovered a judgment for the full amount of their claim, with interest amounting to $2,500. They waived the $2,500 interest to effect immediate collection. The plaintiff was not informed of

the litigation or the settlement, and had no part in it.

We find the deduction of 10 percent of the collection expense, or $240, from the commission found to be due to be clearly wrong, and sustain the cross-appeal.

For the reasons given above, the judgment of the trial court is modified by increasing the amount allowed the plaintiff on his first cause of action by $240, and, as thus modified, the judgment of the trial court is affirmed.

AFFIRMED AS MODIFIED.