GEORGE WEIGOLD and Another, Plaintiffs, *v.* BERT BATES and Another, Defendants.

Supreme Court, Warren County, July 23, 1932.

*McPhillips, Fitzgerald & McCarthy*, for the plaintiffs.

*L. E. Crandall*, for the defendant Bates.

HEFFERNAN, J.   This is an action in trespass in which plaintiffs also seek a permanent injunction restraining defendants from further entry upon their lands.   The action, in so far as it relates to the defendant Stanley, was disposed of on the trial.

Prior to April 26, 1927, William R. Bates, who died on November 11, 1929, was the owner of a tract of land in the town of Johnsburgh, Warren county.   The premises were bounded on the east by a highway.   On these premises a number of structures had been erected. One of the buildings was occupied as a store and a dwelling. A second building was occupied solely as a dwelling.   The store building was to the north and the dwelling house to the south. Both buildings faced the highway.   In the rear and at the southwest corner of the store building was a garage.   In the front of the store building and at the southeast corner stood a gasoline pump set with its accompanying apparatus upon a slightly elevated concrete foundation.   For many years prior to his death Bates conducted a general store on the northerly part of the premises.   On April 26, 1927, he conveyed to the plaintiffs the land on which the dwelling house stood.   After describing the premises the following provisions were inserted in the deed: " And it is further understood between the parties that the said William R. Bates, party of the first part, shall have the right to get water and use the well on lands of second party and cross and re-cross said lands at any and all times.

" Also the right and privilege of a space of 35 feet west  to the

highway as a place to turn his car as a crossing or turning ground for his car."

The defendant Bates is the successor in title of William R. Bates. The plaintiffs went into immediate possession of their premises and continued to occupy them from time to time until May, 1931. At that time a dispute arose as to the proper interpretation of the reservations contained in the deed. Plaintiffs attempted to erect a wire fence around their property which defendant removed. This action is the result.

Plaintiffs practically concede that defendant Bates has the right to enter upon their premises for the purpose of taking water from the well or to repair or relay the pipes connecting the well with his property. That reservation may then be regarded as an easement appurtenant to the land. The second reservation, " Also the right and privilege of a space of 35 feet west to the highway as a place to turn his car as a crossing or turning ground for his car," is the basis of this litigation.

The question for determination is whether the right or interest created by the instrument in favor of the grantor is an appurtenant easement or an easement in gross. Under the rule that there can be no easement without a distinct dominant tenement it is said that there can, in strictness, be no such thing as an easement in gross. (19 C. J. 866.) An easement in gross is defined as a mere personal interest in the real estate of another. (*Cadwalader* v. *Bailey*, 17 R. I. 495.) The principal distinction between an easement proper, that is, an easement appurtenant, and a right in gross is found in the fact that in the first there is, and in the second there is not, a dominant tenement. (19 C. J. 866.) Easements in gross are not assignable or inheritable. Whether this is an appurtenant easement or an easement in gross is to be determined mainly by the nature of the right and the intention of the parties in creating it. The surrounding circumstances are of importance in determining that intention. As a rule of construction courts favor the appurtenant easement. An easement or servitude created by a deed is never presumed to be personal or in gross when it can be fairly construed to be appurtenant to some other estate (*Wilson* v. *Ford*, 209 N. Y. 186); and when the reservation naturally operates to enhance the value of the other adjacent land of the grantor it is a strong circumstance to indicate that it was intended to be appurtenant to the estate and not merely personal to the grantor. (*McMahon* v. *Williams*, 79 Ala. 288.) The presumption is in favor of an appurtenant easement when there is a doubt as to the real nature of the grant (*Chase* v. *Cram*, 39 R. I. 83; *Smith* v. *Garbe*, 86 Neb. 91; *Houston* v. *Zahm*, 44 Ore. 610); and so an easement

is never construed to be in gross when it can fairly be construed to be appurtenant. (*Wagner* v. *Hanna*, 38 Cal. 111; *Lidgerding* v. *Zignego*, 77 Minn. 421; *Callan* v. *Hause*, 91 id. 270; *Smith* v. *Furbish*, 68 N. H. 123; *Reise* v. *Enos*, 76 Wis. 634.)

It is true that the language of the reservations in the deed does not expressly state that the same were to William R. Bates, " his heirs and assigns," and does not contain words of inheritance. Since the adoption of the Revised Statutes in 1830 such words of inheritance have never been necessary. (Real Prop. Law, § 240.)

Under a statute which provides that the word " heirs " or other technical words of inheritance shall not be necessary to convey an estate in fee simple, a reservation is presumed to be an appurtenance to the property which is reached over the granted land, and the burden is upon one claiming that it is but a personal right to prove it. (19 C. J. 960; *Presbyterian Church* v. *Harken*, 177 Iowa, 195; *Painter* v. *Pasadena Land, etc., Co.*, 91 Cal. 74.)

The words employed in this reservation are clearly ambiguous. The deed was prepared by a layman, the words not well chosen. The fact that the language in this instrument is obscure makes it the duty of the court to look to the surrounding circumstances existing at the execution of the deed, the subsequent acts of the parties and the manner of use and enjoyment under the grant. At the time of the conveyance the grantor was conducting a general store and maintaining a gasoline station. There is no indefiniteness in respect to the location of the easement for " crossing or turning ground for his car." " A space of 35 feet west to the highway " is reserved for that purpose. That at least was plain to the parties. The grantor used it uninterruptedly without objection until his death and defendant made like use until May, 1931. The grantor and his successor in title, apparently with the acquiesence of the plaintiffs, adopted it as the practical location. The way of travel was visible and apparent to all. Evidently it was of vital importance to the grantor that he should be able to have a turning place for his car in connection with the operation of the store. It is not conceivable that he intentionally would damage the remainder of his property in making a sale of part to the plaintiffs.

Reading these reservations and applying to them the rules of law referred to and having in mind the subsequent acts of the parties, I am convinced that the easements in this case were not easements in gross personal to the grantor but were appurtenant to the grantor's land, the dominant estate which benefits by the easements, and pass with the fee of such estate.

The defendant is, therefore, entitled to judgment dismissing the complaint, with costs.