Charles S. Colden, J.
This is an action for an injunction and damages, in which the defendant has interposed a counterclaim for an injunction.
Plaintiff, a commercial fishing company, is the owner of a tract of land located south of the Montauk Highway and bordering on a stream known as Orowoc Creek in the town of Islip, county of Suffolk, New York. The premises at the southerly extremity of plaintiff’s property form a peninsula bordered on the south and west by the waters of Orowoc Creek and on the east by the waters of a boat slip or canal, approximately *423 40 feet in width, extending as an inlet some 280 feet north of Orowoc Creek. The westerly boundary of this canal is also the westerly boundary of the defendant’s property so that the waters of the canal are wholly contained within the boundaries of her property which fronts on an inlet of the Great South Bay.
At one time the lands of both the plaintiff and the defendant were owned by a common owner, J. Clarence Hawkins. The major portion of plaintiff’s property was conveyed by Hawkins and his wife to Edwin, Joseph and Edwin Bailey, Jr., by deed dated March 16,1889 and recorded in the Suffolk County Clerk’s Office on March 22, 1889 in liber 317 of deeds, at page 194. The other Hawkins deed, likewise dated March 16, 1889 conveyed to the Baileys a strip of land approximately 9 feet wide, located to the east of the property described in the first deed. The second deed was likewise recorded on March 22,1889 in liber 317 of deeds, but at page 192 thereof. The latter deed also conveyed the following to the grantees: ‘‘ Also the right to use the canal as now dug on the east side of said strip, but this right shall in no way interfere with the right of the parties of the first part their heirs and assigns forever to the free and unobstructed use of the same at all times.”
By mesne conveyances recited in paragraphs 6 to 14 inclusive of the complaint, the property described in the foregoing deeds was conveyed to John B. Dawson by deed dated February 24, 1945 and recorded on March 9, 1945. The latter, by deed dated January 2, 1946 and recorded on February 11, 1946 conveyed the property to the plaintiff.
By deed dated March 21, 1910 J. Clarence Hawkins and his wife conveyed the premises, to which the defendant subsequently succeeded, to John C. Doxsee. That deed, recorded on March 23, 1910 contained the following: ‘‘ Also the right is hereby given to E. Bailey & Sons to use the canal as now dug on the west side of the above described premises, but this right shall in no way interfere with the rights of the parties of the second part, their heirs and assigns forever to the free and unobstructed use of the same at all times.”
By deed dated May 28,1920 and recorded on October 22,1920 John C. Doxsee and his wife conveyed the property to L. May Hoyt who thereafter, by her deed dated March 8, 1922 and recorded on March 21, 1922 conveyed the property to George Henry Payne. That deed contained the following: “ Subject to such rights, if any, as the public or E. Bailey & Sons may have in, to or over the artificial canal adjoining the westerly side of above described premises.” Thereafter, by mesne conveyances *424 recited in paragraphs 19 to 22 inclusive of the complaint, the property was conveyed to the defendant herein by deed dated November 17, 1952 and recorded on November 19, 1952.
Shortly after the defendant acquired her property, she caused mooring stakes to be erected in said canal approximately 15 feet from the easterly side of plaintiff’s property, as well as a catwalk approximately 18 inches wide, which was affixed to the dock maintained by the plaintiff on the easterly side of its property. Thereby plaintiff has been prevented from docking commercial fishing boats at its bulkhead on the canal, which frequently are as long as 44 feet and scows 16 to 18 feet wide. The defendant also deepened and widened the canal to enable her to conduct the business of renting and mooring boats.
Plaintiff bases its right to use the waters of the canal, in the manner employed by it prior to the alleged interference by the defendant, and for damages for such interference, (a) upon the easement claimed to have been created in the second 1889 deed from Hawkins to Bailey; (b) upon the right to use the disputed waters by virtue of prescription and (c) upon the right to use them by virtue of the fact that the same constitute navigable waters.
Defendant on the other hand claims that said deed granted plaintiff’s predecessors in title no more than a bare license or an easement in gross, limited by the right of the grantor “ to the free and unobstructed use of the same at all times ” and further limited as to its duration by the phrase “ as now dug.”
An “ easement in gross ” is a mere personal interest in the real estate of another and differs from an easement proper, i.e., an easement appurtenant, in that it is not assignable or inheritable. ‘ ‘ When the language used is susceptible of more than one interpretation, the courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties and the subject-matter of the instrument ” (Fleischman v. Furgueson, 223 N. Y. 235, 239; Wilson v. Ford, 209 N. Y. 186, 196), irrespective of inartistic or unclear words attempting to express the grant. (Blackman v. Striker, 142 N. Y. 555, 563.) It is well settled that an easement in gross will not be presumed where it can fairly be construed to be appurtenant to land. (Wilson v. Ford, supra.) When there is doubt an easement is never construed to be in gross when it can fairly be considered to be appurtenant. (Weigold v. Bates, 144 Misc. 395, 397-398.)
From the time the right to use the canal was granted to plaintiff’s predecessors in title, it was used not only for pleasure craft *425 but by commercial boats which, loaded and unloaded lumber and building material upon the land now owned by the plaintiff. After it became the owner in 1946, plaintiff erected a fish processing plant upon its land, repaired or reconstructed the bulkhead which forms part of its boundary line, without extending it into the canal and used that bulkhead for docking fishing boats and scows alongside or parallel thereto for loading and unloading fish products.
While craft of the type herein described were able freely to navigate the waters of the canal for most of its length, and certainly along the entire 252.5-foot bulkhead of plaintiff’s property, the northerly portion of said canal was and is too shallow for such use. It is clear from the evidence that when the right to use the canal was originally granted to plaintiff’s predecessors in title in 1889, the parties contemplated that the grantees would use the waters of the canal in connection with their lumber business. When in 1910, 21 years later, the original grantor Hawkins conveyed his remaining land and that under the waters of the canal to the defendant’s predecessor in title, the right of the grantees in the 1889 deed to use the canal was expressed in that deed, as set forth above, in language practically identical with that used in the original grant. Again, when a subsequent conveyance of the land now owned by the defendant was made by deed dated March 8, 1922 that conveyance was expressly made “ Subject to such rights, if any, as the public or E. Bailey & Sons may have in, to or over the artificial canal adjoining the westerly side of above described premises.”
The repetition of the 1889 grant in the March 21, 1910 deed from the common owner and its acceptance by the grantee, John C. Doxsee, not only confirmed that grant but estopped him from denying the existence of the easement. (Wilson v. Ford, 209 N. Y. 186, 200, supra; Bridger v. Pierson, 45 N. Y. 601; Dagrosa v. Calabro, 105 N. Y. S. 2d 178, 181.) The defendant is in no better position than her predecessor in the chain of title. While the “ subject ” clause in the March 8, 1922 deed was obviously included to protect the grantor therein against any claim for breach of covenant by his grantee, it is not altogether without significance that such a clause was included in that deed.
It should be remembered that Edwin Bailey, Jr., and his wife conveyed their interest in the property to Edwin Bailey and Joseph Bailey by deed dated August 27, 1896 and recorded on September 1, 1896; that Edwin Bailey and his wife conveyed their interest in the property to Joseph Bailey by deeds dated *426 December 6, 1898 and November 24, 1903 and recorded respectively on February 4,1899 and November 5,1903. Joseph Bailey died on January 30, 1920 leaving a last will and testament, which was probated by the Surrogate of the County of Suffolk on February 9, 1920. His residuary estate, which included the real estate in question, was left to his two daughters, Anna G-. and Ella K. Bailey. They were the owners of the property when the 1922 deed, containing the “ subject ” clause was made and recorded, and not the original grantees in the 1889 deed.
From all of the evidence adduced in this case, the court concludes that the right to use the canal was an appurtenance of the property conveyed to the original grantees, and passed by the aforesaid conveyances to Joseph Bailey’s daughters and by subsequent conveyances to the plaintiff. (Strough v. Conley, 164 Misc. 248, 255.) The fact that the grant of the right to use the canal did not contain words of inheritance, such as “ their heirs and assigns ” is immaterial, for ever since the adoption of the Revised Statutes in 1830, such words of inheritance have become unnecessary. (Real Property Law, § 240; Weigold v. Bates, 141 Misc. 395, supra.)
Now what was the nature of “ the right to use the canal ” originally conveyed to plaintiff’s predecessors in title? In light of the contemplated use of the property conveyed by the 1889 deed to the Baileys, there can be no question that the parties intended to permit ingress and egress to commercial boats to the canal, in order to load and unload material in connection with the business conducted by the grantees on the land conveyed to them. To that right plaintiff has succeeded, notwithstanding that its business is different from that conducted by the original grantees, subject, of course, to the right of the grantors, their heirs and assigns “ to the free and unobstructed use.” of the canal ‘ ‘ at all times ’ ’ without any interference by the grantees ’ use of the canal. The contention of the defendant that by the foregoing language, she and her predecessors in title retained the absolutely free and unobstructed use of the canal at all times, to the extent even of preventing the grantees’ use thereof as aforesaid, is a strained and unrealistic construction of the language used.
The right to use the waters of the canal is similar to the right to use the surface o'f a street for ingress and egress to property abutting thereon. If the grantors could, by their unrestricted use of the canal, freely obstruct the reasonable use thereof given to the grantees, there would have been no purpose in including such grant in the deed. While the grantees could not use the *427 canal in a manner which would interfere with or obstruct the free use thereof by the grantors, the latter could not use it as to prevent the grantees’ use thereof for ingress and egress and docking for the purpose of loading and unloading cargo.
As for the defendant’s contention that the phrase “ as now dug ” used in the 1889 deed looks to the termination of the easement, in the event that the canal as it was then on the land of the grantor, was changed either by filling it in or by widening it, which latter change was subsequently made by the defendant, such contention is without merit. These were words o'f monumentation rather than limitation. Thereby it was intended to give to the grantees the right to use the waters of the canal as then covered the grantors’ land. Such use did not extend to the approximately 30-foot portion by which the canal was widened by the defendant.
As for the second and third causes of action in plaintiff’s complaint asserting respectively the right to use the disputed waters by virtue of prescription and their navigable character, the plaintiff has not established either cause of action. True, the plaintiff and its predecessors in title used at least 250 feet of the canal for upwards of 60 years prior to 1954, for commercial boats which tied up alongside the bulkhead on plaintiff’s property to load and unload cargo. This use, however, was never hostile in its inception, nor at any time thereafter, and, therefore, the adverse user asserted in plaintiff’s second cause of action never commenced. (Hinkley v. State of New York, 234 N. Y. 309, 316.) “ Occupation must not only be hostile
in its inception, but it must continue hostile, and at all times, during the required period of * * * years, challenge the right o'f the true owner in order to found title by adverse possession upon it. The entry must be strictly adverse to the title of the rightful owner, for if the first possession is by permission it is presumed to so continue until the contrary appears.” (Emphasis supplied; Lewis v. New York & Harlem R. R. Co., 162 N. Y. 202, 220.) No evidence to the contrary was adduced by the plaintiff. The overwhelming proof was that it and its predecessors used the boat slip or canal in the manner described pursuant to the right or permission granted in the second 1889 deed.
As for the navigability of the canal, it should be remembered that it was not a well-known water course, the navigability of which could be the subject of judicial notice; it was and is an insignificant 280-foot boat slip, shallow at its northerly tip and not connecting any body of water with another. Under these circumstances, the burden of establishing the canal’s navigability *428 by evidence of probative force rested upon the plaintiff. (Mintzer v. North Amer. Dredging Co., 242 F. 553, 559, affd. sub. nom. North Amer. Dredging Co. of Nevada v. Mintzer, 245 F. 297.) Plaintiff failed to meet that burden by a preponderance of credible proof. Its evidence is insufficient to meet the tests of navigability as established by Federal and New York law. (United States v. Holt Bank, 270 U. S. 49, 56; Harrison v. Fite, 148 F. 781; Van Cortlandt v. New York Central R. R. Co., 139 Misc. 892, revd. 238 App. Div. 132, revd. 265 N. Y. 249; see, also, Lewis v. Clark, 133 N. Y. S. 2d 880, 898, appeal dismissed 285 App. Div. 1006.)
The plaintiff has also failed to establish by the requisite preponderance of proof the claim for damages asserted in its fourth cause of action. The evidence adduced in that connection was too uncertain and problematical upon which to base such a recovery.
As for the defendant’s counterclaim, the court is satisfied from the proof and from the inspection of the premises with counsel’s permission, and in their presence, on December 3, 1955 that the manner in which plaintiff carried on its business caused the waters of the canal to be polluted with oil and refuse from the bunker grinder used in the processing of fish.
The plaintiff will be enjoined from thus polluting the waters. The defendant will be required to remove the catwalk which was erected along plaintiff’s bulkhead or dock, which the court finds is within the bounds of plaintiff’s property and in noway encroaches upon that of the defendant; she will also be required to remove such other installations as are now erected within the waters of the original canal as interfere with reasonable ingress and egress of craft for the loading and unloading of cargo alongside and parallel with plaintiff’s dock, and defendant will be enjoined from in any manner interfering in the future with such use of the canal.
Settle judgment on two days’ notice, within five days after receipt of a copy of this decision.