CLARENCE W. SPILKER AND HELENA R. SPILKER, HUSBAND AND WIFE, APPELLEES, V. THE FIRST NATIONAL BANK AND TRUST COMPANY OF LINCOLN, A CORPORATION, TRUSTEE, APPELLEE, RAYMOND F. SPILKER AND MILDRED E. SPILKER, HUSBAND AND WIFE, APPELLANTS.

319 N.W.2d 429

Filed May 14, 1982. No. 43983.

Fredrick L. Swartz, for appellants.

Lewis R. Ricketts of Mattson, Ricketts, Davies, Stewart, Calkins & Duxbury, for appellee First National.

John F. Akin and Pierson, Ackerman, Fitchett & Akin, for appellees Spilker.

Heard before BOSLAUGH and WHITE, JJ., and CLARK and KNAPP, D. JJ., and RONIN, D.J., Retired.

RONIN, D.J., Retired.

In this action the plaintiffs, Clarence W. Spilker and his wife, Helena R. Spilker, seek to determine that a written easement for irrigation purposes is appurtenant to their 160-acre farm tract in Section 18, Gage County, Nebraska, and legally described in their purchase contract. William F. Spilker is the father of the plaintiff Clarence and the defendant Raymond F. Spilker. William purchased this subject tract in 1947. Clarence acquired 80 acres of the subject tract by purchase from William in 1967, and the balance of the tract from a special bequest in William's will on his death in 1972. Clarence later made his wife, Helena, a joint tenant of this subject tract.

The Buss estate land lies between the east bank of the Big Blue River and the west boundary of Clarence's subject tract. In 1957 Raymond began farming the Buss estate land as a tenant. He was able to substantially increase its productivity by pumping water for irrigation purposes from the adjoining Big Blue River. Raymond was also leasing the subject tract from William, who was the owner of it at that time. On December 20, 1957, Fred Carstens, an attorney and the trustee of the Buss estate, leased the Buss estate land to Raymond. The 5-year lease provided that Raymond could pump water across the

Buss estate land to irrigate other land that he either owned or was farming in the said Section 18. In 1958 Raymond began irrigating the subject land which he leased from William by transporting water across the Buss estate land.

On December 6, 1960, Carstens, as trustee of the Buss estate, granted an easement for irrigation purposes to William, the subject landowner, and not to Raymond, the lessee of both the dominant and servient estates. The transferability of this irrigation easement is the issue in controversy between the two Spilker brothers, Clarence and Raymond. The instrument grants, without any conditions, to William "an easement and the right to pump water for irrigation purposes through a pipeline or through irrigation ditches . . . ." The easement specifically describes its point of origin on the east bank of the Big Blue River, which is also the west boundary of the Buss estate land, and its course across the Buss estate land for a width of 100 feet and a length of 520 feet to its east boundary line where it adjoins the subject tract then owned by William. The easement includes the right to enter said area for the operation and maintenance of the irrigation pipelines. There is no restriction in the document as to what area of land would be served or any limitation as to the quantity of water to be transported. The easement recites that the consideration for giving it is the payment of the sum of $1. No express reference is made as to whether the easement would run with the land, nor does the instrument include the heirs or assigns of the grantee William Spilker.

In 1965 Raymond and his wife, Mildred, purchased the Buss estate land. Raymond also continued farming William's dominant estate tract until the latter's death in 1972. Raymond continued leasing this subject tract from Clarence, who had inherited 80 acres of it from William. On March 29, 1979, Clarence and Helena sold their dominant 160-acre

tract in Section 18 and the irrigation easement to the defendant-appellee, First National Bank and Trust Company of Lincoln. Raymond was an unsuccessful bidder at the auction sale and raised the question as to whether Clarence legally owned the easement for irrigation purposes. The bank has refused to close the sale transaction until the title objection to the easement is resolved. If Clarence's title to the irrigation easement is transferable then it is marketable, and, conversely, if the easement is not transferable then it is not marketable and would not comply with the terms of the farm sale contract. This action is brought by Clarence to resolve the controversy with Raymond as to whether the easement document is appurtenant or in gross. After trial in the District Court of Gage County, Nebraska, the trial court held that the easement was appurtenant to the subject tract of land owned by the plaintiffs. The defendants Spilker have appealed. The defendant First National is ready to complete its purchase of the 160-acre farm involved in this action if and when it is determined by this court that the sellers are capable of conveying a marketable title to the irrigation easement.

In determining whether the instrument granting the easement in this case was intended to be an easement appurtenant or simply a mere personal right and therefore an easement in gross, an examination of the document discloses that it does not contain any of the common-law words of inheritance, such as "to him, his heirs and assigns forever." The appellants make reference to this fact. We hold that the omission of such words of inheritance is of no consequence in determining that the document conveys an easement appurtenant by reason of Neb. Rev. Stat. § 76-104 (Reissue 1976), enacted in 1941, and which provides: "An otherwise effective conveyance of property transfers the entire interest which the conveyor has and has the power

to convey, unless an intent to transfer a less interest is effectively manifested. *No words of inheritance or other special words are necessary to transfer a fee simple.*" (Emphasis supplied.)

The statute removes any requirement that the easement must contain words of inheritance for the easement to be inherited by Clarence as provided in William's will.

We further point out that § 76-104 provides that if a lesser interest is intended to be conveyed, it must be "effectively manifested." We find this irrigation easement contains no words or any condition that the grantee, William, received only a personal right, and that Carstens, as trustee of the Buss estate, transferred the entire interest in this easement to William.

We also hold that § 76-104 is applicable to easements as well as deeds and other conveyances of an interest in real estate. This irrigation easement is an interest in real estate and constitutes a conveyance of property. While we are unable to cite any case from our jurisdiction, cases from other jurisdictions with similar statutes apply to easements. See *Weigold v. Bates,* 144 Misc. 395, 258 N.Y.S. 695 (1932), which upheld an easement for obtaining water as well as the right to a 35-foot space to turn a car around after securing the water, and which easement survived the death of its grantee. See, also, *Hale v. Ziegler,* 180 Kan. 249, 303 P.2d 190 (1956).

The rule determining whether an easement is appurtenant to the land or whether the easement grants only a personal right which ceases on the death of the grantee is stated in *County of Johnson v. Weber,* 160 Neb. 432, 438, 70 N.W.2d 440, 445 (1955), as follows: "We have held that: ' "A grant *in gross* is never presumed when it can fairly be construed as appurtenant to some other estate. * * * Whether an easement in a given case is appurtenant

or in gross is to be determined mainly by the nature of the right and the intention of the parties creating it. * * * If it be in its nature an appropriate and useful adjunct of the land conveyed, having in view the intention of the grantee as to its use, and there being nothing to show that the parties intended it to be a mere personal right, it should be held to be an easement appurtenant to the land, and not an easement in gross, * * *.'' ' Smith v. Garbe, 86 Neb. 91, 124 N.W. 921, 136 Am. S.R. 674. See, also, Neilson v. Leach, 140 Neb. 764, 1 N.W.2d 822.''

The record in this case is undisputed that the subject irrigation easement is by its nature an appropriate, useful, and valuable adjunct of the interest in the land conveyed with regard to William's intended use in irrigating his otherwise dry farmland.

The evidence of the appellants as to the intentions of the parties to the easement document consists of the testimony of Fred W. Carstens and Herman Buss. Carstens testified that the easement was given as a reward for Raymond's efforts in farming the Buss land and to encourage him to continue his tenancy. The testimony of Herman Buss is to the same effect. We believe the trial court was correct in its ruling on the admission of this evidence. For evidence to be admissible under the ambiguity exception to the parol evidence rule, the oral testimony must clarify an existing ambiguity, and cannot establish an understanding at variance with the plain terms of the written instrument. This evidence was introduced for explanatory purposes and was not inconsistent with the written terms of the instrument. See 30 Am. Jur. 2d *Evidence* § 1070 (1967).

We agree with the finding of the trial court that the appellants' evidence falls short of proving that the parties intended an easement in gross. The testimony of Carstens and Herman Buss relate to the consideration for the granting of the easement but

not as to its substance. There is no evidence that the parties intended it to be a mere personal right of the grantee William. The easement was rather to benefit William's land which was farmed by Raymond. The pertinent question as to why the easement was given to William if it was to be a reward for Raymond is never answered by the appellants. There is no evidence as to any condition or restriction as to the length of time the easement is to continue. Likewise, there is no evidence that the easement would be terminated if Raymond quit farming or if William would sell his farm, or on the death or disability of either Raymond or William. The document is an unequivocal grant of an irrigation easement appurtenant to William's farm.

We find from a review of the entire record in this case that the plaintiffs have proved by a preponderance of the evidence that the irrigation easement in this case is appurtenant to the plaintiffs' 160-acre farm legally described in the purchase contract; that the plaintiffs are lawfully seized of said easement and have the power and authority to convey the same; and that the defendant First National is hereby specifically ordered to perform its contract of purchase with plaintiffs for said real estate and easement appurtenant. Costs of this action are taxed to the defendants Raymond F. Spilker and Mildred E. Spilker.

The judgment of the District Court is affirmed.

AFFIRMED.