CHARLES V. SEDERSTROM, JR., TRUSTEE, ET AL., APPELLANTS, V. MELVIN L. BURGE ET AL., APPELLEES.

343 N.W.2d 770

Filed February 17, 1984. No. 83-163.

David P. Stokes of Erickson, Sederstrom, Leigh, Eisenstatt, Johnson, Kinnamon, Koukol & Fortune, P.C., for appellants.

Alan J. Mackiewicz of Lich, Herold & Mackiewicz, for appellees.

BOSLAUGH, WHITE, HASTINGS, and SHANAHAN, JJ., and BRODKEY, J., Retired.

BOSLAUGH, J.

The plaintiffs appeal from the order of the district court dismissing their petition for foreclosure of a trust deed executed by the defendants Melvin L. Burge and Mary A. Burge.

The record shows that the trust deed in question was executed by the defendants to secure a loan in the amount of $16,000 from American Securities & Loan, Inc., to Derald D. Lucht and Karen L. Lucht. The loan to the Luchts was secured by a trust deed on a residence property in Plattsmouth, Nebraska, owned by the Luchts. The trust deed from the Burges pledged a residence property in Omaha, Nebraska, owned by the Burges, and was given as additional security and collateral for the Lucht loan pursuant to a hypothecation agreement.

Because the defendants wanted to limit their exposure on the Lucht loan to $6,000, the president of American Securities delivered a letter to the Burges at the time the trust deed was executed, which stated: "Upon the reduction of the principal balance of said loan to $10,000.00, then American Secu-

rities & Loan, Inc. does hereby warrant to deed and reconviene [sic] 5602 Oak Street to Melvin L. Burge and Mary A. Burge.''

Several days later an addendum to the trust deed was executed, which contained this provision: ''(4) That notwithstanding any of the terms of the Trust Deed, upon the reduction of the principal balance of said loan to $10,000.00, the parties hereto agree to deed and convey the aforedescribed real estate back to Melvin L. Burge and Mary A. Burge.''

On April 13, 1981, the Luchts filed a voluntary petition in bankruptcy. The Plattsmouth, Nebraska, property was surrendered to American Securities, which sold the property and applied the proceeds to the Lucht loan. As a result, the balance due was reduced to $7,745.74 as of December 28, 1981. This action was commenced December 31, 1981. On January 8, 1982, the defendant Melvin L. Burge demanded that the trust deed be released and the Omaha residence property be reconveyed by American Securities.

The plaintiffs contend that the word ''reduction,'' used in the letter from the president of American Securities, and in the addendum to the trust deed, meant ''reduction by regular payments according to the terms of the loan agreement.'' Brief for Appellants at 9. On the theory that the terms of the agreement were vague and ambiguous, the plaintiffs offered testimony by the president of American Securities that the plaintiffs expected the defendants to pay $6,000 to American Securities in the event of a default on the Lucht loan. Over an objection based on the parol evidence rule, the president testified that ''reduce'' was a term of art in the loan business and that to ''reduce a loan'' means through payments according to the terms of the loan and not through a sale of collateral.

The trial court found generally for the defendants; that the terms of the agreement were clear; that parol evidence was not admissible to explain the

agreement; and that before the plaintiffs could recover it would be necessary to effectively change or reform the agreement between the parties to read "reduction by regular payments by the Luchts."

If negotiations between the parties result in an agreement which is reduced to writing, the written agreement is the only competent evidence of the contract in the absence of fraud, mistake, or ambiguity. *Silverman v. Arbor Street Partnership*, 213 Neb. 628, 330 N.W.2d 904 (1983). Oral testimony is not admissible under the ambiguity exception to the parol evidence rule to establish an understanding at variance with the plain terms of the written instrument. *Spilker v. First Nat. Bank & Trust Co.*, 211 Neb. 540, 319 N.W.2d 429 (1982).

We think the terms of the agreement between the parties in this case were clear and definite, not vague or ambiguous. Consequently, parol evidence was not admissible on the theory that the agreement was ambiguous and subject to construction to establish a meaning not expressed in the agreement.

The judgment of the district court is correct, and it is affirmed. The defendants Melvin L. Burge and Mary A. Burge are allowed $750 for the services of their attorneys in this court.

AFFIRMED.