FIVE POINTS BANK, A NEBRASKA BANKING CORPORATION, APPELLEE, v. VAN H. WHITE ET AL., APPELLEES, WILLIAM G. WHITE, APPELLANT.

437 N.W.2d 460

Filed March 24, 1989.   No. 87-327.

Douglas Pauley, of Conway, Connolly and Pauley, P.C., for appellant.

Daniel M. Placzek, of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee Bank.

HASTINGS, C.J., GRANT, and FAHRNBRUCH, JJ., and HENDRIX and OLBERDING, D. JJ.

OLBERDING, D.J.

Five Points Bank, plaintiff, brought suit to collect on a note signed by Van H. White, Bette A. White, and William G. White, defendants. The Hall County District Court granted summary judgment in favor of the bank in the amount of $48,000 plus interest. William White appeals. We affirm.

Summary judgment is an extreme remedy that should be awarded only when an issue is clear beyond all doubt. It is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from the material facts, and when the moving party is entitled to judgment as a matter of law. *West Town Homeowners Assn. v. Schneider, ante* p. 100, 435 N.W.2d 645 (1989). In reviewing a summary judgment, this court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Renner v. Wurdeman, ante* p. 8, 434 N.W.2d 536 (1989).

On February 28, 1985, Van and Bette White signed a chattel mortgage note to Five Points Bank in the principal amount of $51,000. This note consolidated past loans of approximately $38,000, plus established credit to allow Van White to continue to make payments to William Desch on a contract for the purchase of a 50-percent interest in two businesses, Desch-Paine Monument Company and Scheffels, Inc. The principal sum was advanced as the payments on the Desch-White contract became due. The note was due on August

27, 1985, set up to coincide with distributions from Van White's businesses.

During the spring of 1985, Van White apparently decided he would not be able to meet his commitments and determined to get out of both businesses because of poor cash-flows. William White began to negotiate with Van White's business partner, Robert Fox, and Desch to try to work out an arrangement for William White to take Van White's place in the businesses and take over Van White's obligation to Desch.

Sometime in June 1985, William and Van White went to see Jon Luebs at the bank. William White offered to sign the promissory note to keep the bank from pressuring Van White for payment while negotiations were proceeding. At the time William White signed the note, it was not yet due and there had been no default on the note.

William White never completed the negotiations. In the fall of 1985, Van White defaulted on the bank note and returned the interest in the businesses to Desch.

The bank sued Van, Bette, and William White on the defaulted note. In his answer, William White alleged he had an oral agreement with the bank to be obligated only for amounts advanced in excess of $45,765, up to the face value of the note ($51,000). The bank filed a motion for summary judgment. The district court granted the motion and entered judgment against all three defendants in the principal sum of $48,000, plus prejudgment interest to December 29, 1986 (the date of judgment), in the sum of $7,830.22, plus interest at the highest legal rate from and after judgment. Costs of $285.91 were taxed to the defendants. Only William White appeals.

William White claims the trial court erred in granting the summary judgment because an issue of material fact still exists as to whether he obligated himself for the full value of the note.

William White relies upon an alleged conversation between himself and Luebs of the bank prior to William White's signing the note. During this conversation, William White claims he agreed to be obligated only for amounts advanced in excess of $45,765, the amount advanced as of the date he signed the note, up to $51,000, the face value of the note. He admits this agreement was never reduced to writing in any fashion. He also

admits he did not read the note before he signed, but relied on his past relationship with the bank to seek payment only to the extent of his oral agreement. Lastly, he admits there was consideration for his signature.

The parol evidence rule renders ineffective proof of a prior or contemporaneous oral agreement which alters, varies, or contradicts the terms of a written agreement. *Perry v. Gross*, 155 Neb. 662, 53 N.W.2d 73 (1952). The parol evidence rule is ordinarily applied in absence of fraud, mistake, or ambiguity. *Johnson v. Stover*, 218 Neb. 250, 354 N.W.2d 142 (1984). William White does not claim Five Points Bank is guilty of fraud in connection with his signing the note.

> If negotiations between the parties result in an agreement which is reduced to writing, the written agreement is the only competent evidence of the contract in the absence of fraud, mistake, or ambiguity. . . . Oral testimony is not admissible under the ambiguity exception to the parol evidence rule to establish an understanding at variance with the plain terms of the written instrument.

(Citations omitted.) *Sederstrom v. Burge*, 216 Neb. 512, 515, 343 N.W.2d 770, 771 (1984). A note in the usual commercial form is a complete contract in itself, and its terms cannot be varied or contradicted by parol evidence. *Schuett v. Hargens*, 173 Neb. 663, 114 N.W.2d 508 (1962).

Under the unambiguous language in the note, William White obligated himself in the amount of $51,000. The conversation relating to the oral agreement on his obligation took place prior to his signing the note. He seeks to alter the language of the note with evidence of prior oral negotiations. The parol evidence rule expressly bars such evidence.

A simple reading of the document before he signed it would have shown him he was assuming liability on the entire amount loaned to his brother. He admits he had the opportunity to read the note, but did not because he wanted to "get it done." One who signs an instrument without reading it, when he can read and has the opportunity to do so, cannot avoid the effect of his signature merely because he was not informed of the contents of the instrument. *Meek v. Gratzfeld*, 223 Neb. 306, 389 N.W.2d 300 (1986).

William White also claims a factual issue exists as to whether the bank made a promise to advance $51,000 under the note. William White, in his deposition, admits the entire face value of the note was advanced. Therefore, it is irrelevant whether the bank promised to advance $51,000; the promise was satisfied when the entire amount was advanced. Therefore, there is no question of fact raised by this issue.

For the foregoing reasons, the order of the district court granting summary judgment in favor of Five Points Bank is affirmed.

AFFIRMED.