AUDRONE MEYLAN, INDIVIDUALLY AND ON BEHALF OF BRITT MEYLAN AND WAYNE MEYLAN, JR., AS THEIR PARENT AND NATURAL GUARDIAN, APPELLANT, V. MUTUAL BENEFIT LIFE INSURANCE COMPANY, A CORPORATION, APPELLEE.

441 N.W.2d 598

Filed June 16, 1989. No. 88-053.

Charles L. Titus and Patricia M. Dugan, of Erickson & Sederstrom, P.C., for appellant.

Raymond M. Crossman, Jr., of Crossman & Hosford, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

The widow of Wayne Meylan, Sr., individually and on behalf of his children, appeals a Douglas County District Court's summary judgment denying them the benefits of an alleged $500,000 insurance policy. Meylan was killed in an airplane accident.

The court in effect found that a Mutual Benefit Life Insurance Company (MBL) policy was never effective because Meylan, before he died, failed to undergo a required paramedical physical examination. We affirm.

Summary judgment is an extreme remedy and should be awarded only when an issue is clear beyond all doubt. A summary judgment is properly granted when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue concerning any material fact or the ultimate inferences deducible from such fact or facts and that the moving party is entitled to judgment as a matter of law. In reviewing an order granting a summary judgment, this court must take the view of the evidence most favorable to the party against whom it operates and give that party the benefit of all favorable inferences which may be drawn from the evidence. *Carnes v. Schram, ante* p. 282, 440 N.W.2d 451 (1989); *Five Points Bank v. White,* 231 Neb. 568, 437 N.W.2d 460 (1989).

In May 1987, J. Guy Ziegler, an MBL agent, contacted Meylan about purchasing life insurance. Meylan was interested, and the two men met in Meylan's office on May 20, 1987. Part 1 of MBL's insurance application form was completed at that time. Ziegler informed Meylan that part 2, requiring a paramedical examination of Meylan, was also required before the company would consider Meylan's

application for insurance. Meylan's office manager, Dottie Dorr, gave Ziegler a $1,151.35 check for the first premium on the policy. It was stipulated that Meylan never received a copy of the prepayment receipt. The receipt states that the paramedical examination is required as a precondition to insurance coverage.

Ziegler forwarded the check and part 1 of the application to MBL's home office for processing. He also scheduled a paramedical examination of Meylan for 9 a.m. on Tuesday, May 26, 1987. The examination was to take place in Meylan's office. Meylan was unable to keep the appointment. He rescheduled the exam for 11 a.m. on the same day, but was unavailable when the examiners arrived at his office. Ziegler made several telephone calls to Meylan's office and sent one letter with names and a telephone number Meylan could call to reschedule the examination. Meylan died in an airplane accident June 26, 1987, without having taken the paramedical examination.

This action was filed after MBL declined to pay the benefits listed in part 1 of Meylan's application. MBL refused payment because Meylan did not undergo the paramedical examination required as a precondition of insurance. The district court found no issue of material fact existed and granted MBL summary judgment as a matter of law.

In her appeal, appellant assigns one error: that the trial court erred in awarding summary judgment as material issues of fact exist. The appellant argues that whether there was a contract is a question of fact. All of the facts are uncontroverted, and the issue became a question of law.

Although Meylan did not receive a copy of the prepayment receipt, which set forth the paramedical examination requirement, the evidence is uncontroverted that he was told by the insurance agent that a physical was required before the company could insure him. By not taking a paramedical examination, Meylan failed to satisfy a precondition of insurance, and the insurance policy never came into existence.

The trial court was correct in finding that no issue of material fact exists and in entering summary judgment for MBL.

AFFIRMED.