JOSEPH N. LINDQUIST, PERSONAL REPRESENTATIVE OF THE ESTATE OF MARY ANN STEVENS, DECEASED, APPELLEE, V. BEULAH E. BALL, APPELLANT.
441 N.W.2d 590

Filed June 16, 1989. No. 87-830.

 █ 

Frank Meares for appellant.

Mark J. Daly, of Nelson & Harding, for appellee.

HASTINGS, C.J., SHANAHAN, and FAHRNBRUCH, JJ., and NORTON, D.J., and RONIN, D.J., Retired.

FAHRNBRUCH, J.

Beulah E. Ball appeals a Douglas County District Court summary judgment which held void a warranty deed Ball claims was executed and delivered to her by Mary Ann Stevens before Stevens died. Ball's cross-petition for slander of title was dismissed. We reverse in part, affirm in part, and remand for a trial.

Summary judgment is an extreme remedy that should be awarded only when an issue is clear beyond all doubt. It is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from the material facts, and when the moving party is entitled to judgment as a matter of law. *Five Points Bank v. White*, 231 Neb. 568, 437 N.W.2d 460 (1989); *West Town Homeowners Assn. v. Schneider*, 231 Neb. 100, 435 N.W.2d 645 (1989). In reviewing a summary judgment, this court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Five Points Bank v. White, supra*; *Renner v. Wurdeman*, 231 Neb. 8, 434 N.W.2d 536 (1989).

Stevens died on July 29, 1984. Ball, on August 9, 1984, filed with the Douglas County register of deeds a warranty deed

purportedly executed by Stevens on May 30, 1984. That deed purports to convey Stevens' home to Ball for "Two Dollars and other valuable consideration, of love, affection and caring." The deed was claimed to have been signed and acknowledged by Stevens with the grantee, Ball, acting as notary.

Joseph N. Lindquist, personal representative of Stevens' estate, brought an action to quiet title in the plaintiff to the property described in the deed. In her cross-petition, Ball claims her title to the real estate was slandered by the plaintiff.

In granting summary judgment, the trial court found that the deed was invalid because it was acknowledged before a notary who was an interested party. The court also found that Lindquist had an uncontroverted valid reason for bringing the quiet title action. No evidence was adduced that any filings were for the purpose of slandering the title to the real estate. Ball's cross-petition was dismissed.

On appeal, Ball assigns three errors, which can be consolidated into one: The trial court erred in sustaining Lindquist's motion for summary judgment on the petition and cross-petition, because issues of material fact exist.

An acknowledgment of a deed before an interested party is void. See *Nat. Bank of Commerce Trust & Savings Assn. v. Rhodes*, 207 Neb. 44, 295 N.W.2d 711 (1980). Ball admittedly was an interested party and signed the acknowledgement in question as a notary. In that situation, any purported acknowledgement is void. However, this does not necessarily mean that the deed is also void.

Any conveyance of real estate executed and delivered is valid between the parties, even though it is not lawfully acknowledged, if the real estate is not the homestead of the grantor. See, *Mazanec v. Lincoln Bonding & Ins. Co.*, 169 Neb. 629, 100 N.W.2d 881 (1960); *O'Neill Production Credit Assn. v. Mitchell*, 209 Neb. 206, 307 N.W.2d 115 (1981); *Wilson v. Wilson*, 85 Neb. 167, 122 N.W. 856 (1909).

Before a court may find an unacknowledged deed valid, it must be shown where raised: (1) that the property at issue was not the homestead of the grantor, and (2) that the grantor, being competent, voluntarily executed and delivered the deed. In the case before us, the trial court apparently made no

determination as to whether the property at issue was Stevens' homestead.

The record reflects that at the time of her death, Stevens was a widow. The record further shows that the property was purchased in her name in 1972. Whether the property was used by Stevens and her husband as a homestead after the property was purchased is not disclosed by the record. If used by Mrs. Stevens and her late husband as their homestead, and if not abandoned, the real estate would still be Mrs. Stevens' homestead on May 30, 1984. To convey it would require an acknowledgment by Mrs. Stevens before a disinterested notary. See, *United States Nat. Bank v. Simonds*, 133 Neb. 42, 274 N.W. 187 (1937); *Lewis v. McAdams*, 130 Neb. 62, 263 N.W. 480 (1935). If it was a homestead on May 30, 1984, the deed acknowledged before Ball is void. If the property was not Mrs. Stevens' homestead, only the acknowledgment is void. Then Ball would be entitled to prove the execution and delivery of the deed to make it valid as between the parties.

Whether the property is homestead property is an issue of material fact requiring reversal of the summary judgment. See *Horn v. Gates*, 155 Neb. 667, 53 N.W.2d 84 (1952). The order of the district court is reversed and the cause remanded for a trial on the issue of the deed's validity.

With respect to Ball's claim that summary judgment should not be sustained because of a factual issue regarding slander of title, Neb. Rev. Stat. § 76-296 (Reissue 1986) must be examined. That section provides:

> No person shall use the privilege of filing notices hereunder for the purpose of slandering the title to real estate and in any action brought for the purpose of quieting title to real estate, if the court shall find that any person has filed a claim for the purpose only of slandering title to such real estate, the court shall award the plaintiff all of the costs of such action, including attorney fees to be fixed and allowed to the plaintiff by the court, and all damages that plaintiff may have sustained as a result of such notice of claim having been filed for record.

There is no evidence that the plaintiff filed the quiet title action for the purpose of slandering the title to the real estate.

An abstract of title, admitted into evidence, shows Stevens as the legal owner of the property at the time of her death. Ball being both the grantee and notary provides good cause to challenge the deed in question. Had he not made the challenge, Lindquist might well have been held negligent in administering Stevens' estate.

The evidence shows that Lindquist believed the estate was the owner of the property at the time Ball filed her purported deed. There was no evidence to the contrary. Filing the quiet title action was appropriate, and Ball's cross-petition was properly dismissed.

The order of the district court is reversed and the cause remanded for trial as to plaintiff's petition, and is affirmed as to defendant's cross-petition.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.