LUHELLIER v BOLLINE CONSTRUCTION, INC

Docket No. 88035. Submitted October 8, 1986, at Grand Rapids. Decided January 6, 1987. Leave to appeal denied, 428 Mich —.

Frank Luhellier sold excavation equipment to Bolline Construction, Inc., who financed the purchase by obtaining a loan from Harbor Springs State Bank and executing a promissory note to Luhellier. Bolline Construction gave the bank a first priority security interest in the equipment and gave Luhellier a subordinate security interest in the same collateral. When Bolline Construction defaulted on its bank loan, the bank repossessed and sold the equipment. Luhellier brought an action in the Emmet Circuit Court against Bolline Construction for nonpayment of the promissory note and against the bank for its failure to give him notice of the sale of collateral as required by statute. The trial court, Richard M. Pajtas, J., granted the bank's motion for partial summary disposition, agreeing with the bank's argument that plaintiff had no right to notice because plaintiff never gave the bank written notice of his claim of a subordinate security interest in the equipment. Plaintiff appealed.

The Court of Appeals *held:*

1. The bank received notice of plaintiff's subordinate security interest in the equipment when plaintiff submitted to the bank copies of the promissory note and security agreement between plaintiff and Bolline Construction shortly after the completion of the sale by plaintiff to Bolline Construction.

2. Plaintiff was entitled to, but did not receive from the bank, reasonable notification of the time and place of the bank's sale of the equipment.

Reversed.

REFERENCES

Am Jur 2d, Secured Transactions §§ 476 *et seq.;* 486 *et seq.;* 592.

Sufficiency of secured party's notification of sale or other intended disposition of collateral under UCC § 9-504(3). 11 ALR4th 241.

Construction and effect of UCC Art 9, dealing with secured transactions, sales of accounts, contract rights, and chattel paper. 30 ALR3d 9.

1. SECURED TRANSACTIONS — MULTIPLE SECURED CREDITORS — NOTICE OF SUBORDINATE SECURITY INTEREST.

A secured creditor receives notice of another creditor's subordinate security interest in the same collateral where he receives copies of the promissory note and security agreement between the debtor and the other creditor (MCL 440.1201[25] and [26]; MSA 19.1201[25] and [26]).

2. SECURED TRANSACTIONS — MULTIPLE SECURED CREDITORS — REPOSSESSION AND SALE OF COLLATERAL — NOTICE.

A secured creditor holding first priority interest may not sell the collateral following repossession without first providing notice of the time and place of sale to any other creditor it knows to be holding a security interest in the same collateral; when a specific date after which sale may occur is not provided, awareness of the date of repossession is not sufficient (MCL 440.9504[3]; MSA 19.9504[3]).

*Mark A. Hullman,* for Frank Luhellier.

*James T. Ramer,* for Harbor Springs State Bank.

Before: MACKENZIE, P.J., and T. M. BURNS and P. R. JOSLYN,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting partial summary disposition in favor of defendant Harbor Springs State Bank and dismissing plaintiff's claim that the bank failed to give plaintiff reasonable notice of sale of collateral pursuant to MCL 440.9504(3); MSA 19.9504(3). We reverse.

In 1982, plaintiff sold certain excavation equipment to Bolline Construction, Inc. To finance the purchase, Bolline Construction obtained a $105,000 loan from defendant bank and gave plaintiff a $39,000 note. To secure these loans Bolline Construction gave the bank a first priority security interest on the equipment and other property acquired from plaintiff, and it gave plaintiff a

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

subordinate security interest in the same collateral.

In December, 1984, Bolline Construction defaulted on its loan from the bank. By letter dated April 2, 1985, the bank informed Robert Bolline, the apparent equity holder in Bolline Construction, that the default must be corrected by April 17, 1985, or the bank would repossess the equipment given as collateral. A carbon copy of this letter was sent to plaintiff. On April 16 or 17, until April 19, 1985, plaintiff and Robert Clarke, the bank president, had several discussions regarding the bank's intention to repossess the collateral and the possibility that plaintiff would purchase the equipment. Bolline voluntarily surrendered the collateral to the bank on April 18, 1985.

A letter written by Clarke and dated April 18, 1985, postmarked April 19, and received by plaintiff on April 20, informed plaintiff that he was being notified pursuant to MCL 440.9504; MSA 19.9504 of resale of the collateral beginning April 19, 1985, for approximately $84,500. On Friday, April 19, 1985, after negotiations, Clarke offered to sell the equipment to plaintiff for $81,500 or $82,000. Later that day, plaintiff requested more time to line up prospective purchasers for his anticipated resale of the equipment. Clarke told plaintiff that he wanted to finalize a sale that afternoon; otherwise, the bank would begin deliveries of the equipment to its liquidation agent the following Monday, April 22, 1985. No sale between the bank and plaintiff was consummated. According to plaintiff, the bank's agent began selling the equipment on April 22 without further notice to plaintiff.

Plaintiff subsequently filed a complaint against Bolline Construction for nonpayment of the promissory note. On July 12, 1985, plaintiff filed a

second amended complaint adding Count IV against the bank for failure to comply with MCL 440.9504(3); MSA 19.9504(3). That statute provides for notice prior to the sale of collateral and states in pertinent part that reasonable notification of the time and place of the sale of collateral "shall be sent to any other secured party from whom the secured party has received . . . written notice of a claim of an interest in the collateral."

On August 9, 1985, defendant bank successfully moved for summary disposition pursuant to MCR 2.116(C)(8) on Count IV, alleging that plaintiff had no right to notice under MCL 440.9504(3); MSA 19.9504(3) because plaintiff did not give the bank the requisite written notice of his claim of a security interest in the collateral. On appeal, as below, the bank argues that it did not receive any written notice from plaintiff of plaintiff's claim of a security interest in the collateral. Plaintiff, on the other hand, contends that the bank was provided with copies of the promissory note and security agreement running between plaintiff and Bolline Construction, both of which indicated plaintiff's subordinate security interest in the collateral at the time of the closing of the sale in 1982. Copies of the promissory note and security agreement were found in the bank's files during a deposition of Robert Clarke on August 15, 1985.

MCL 440.1201(26); MSA 19.1201(26) defines receipt of notice as follows:

> A person "receives" a notice or notification when:
> (a) It comes to his attention; or
> (b) It is duly delivered at the place of business through which the contract was made or at any other place held out by him as the place for receipt of such communications.

MCL 440.1201(25); MSA 19.1201(25) defines "notice" as follows:

> A person has "notice" of a fact when:
> (a) He has actual knowledge of it; or
> (b) He has received a notice or notification of it; or
> (c) From all the facts and circumstances known to him at the time in question he has reason to know that it exists. A person "knows" or has "knowledge" of a fact when he has actual knowledge of it.

Thus, the first security holder receives notice of the existence of the junior security interest when "actual knowledge" of the junior interest "comes to his attention." MCL 440.1201(25)-(26); MSA 19.1201(25)-(26). MCL 440.9504(3); MSA 19.9504(3) further requires that the notice of the junior security interest be written. "Written" is defined by MCL 440.1201(46); MSA 19.1201(46) to include "printing, typewriting, or any other intentional reduction to tangible form." The copies of plaintiff's promissory note and security agreement provided to the bank were written. It thus appears that the submission of these documents to the bank amounted to the bank's receipt of written notice of plaintiff's junior interest in the collateral within the meaning of MCL 440.9504(3); MSA 19.9504(3).

We do no wish to suggest that any writing will provide the selling secured party with "notice of a claim of an interest in the collateral" under MCL 440.9504(3); MSA 19.9504(3). We agree with defendant bank that such a holding would be contrary to the policy underlying that statute since it was amended by 1978 PA 369. However, the idea that notice of a claim of an interest under MCL 440.9504(3); MSA 19.9504(3) requires a positive

assertion of the other secured party's intention to require receipt of notice of the sale of collateral seems to us to be an unjustifiably expansive reading of the UCC, where terms like "claim" are ordinarily carefully defined when they are intended to be given more than their common-sense meaning. This is especially true when, as here, there is no doubt that the security agreement found in the bank's file was sufficient to give actual notice of the existence of plaintiff's second security interest.

Defendant bank also argues briefly that it is entitled to summary disposition because the letter of April 2, 1985, warning Bolline Construction to remedy the default by April 17 or to suffer repossession of collateral, was reasonable notice to plaintiff since a carbon copy was sent to plaintiff. The bank failed to raise this contention during summary disposition proceedings below. Review of the argument by this Court is therefore inappropriate. See, e.g., *Ledbetter v Brown City Savings Bank,* 141 Mich App 692, 701-702; 368 NW2d 257 (1985). In any event, the letter of April 2 indicated only that in the event default was not remedied the bank would repossess and dispose of the collateral. No specific date after which sale of the collateral would occur was provided, as required by MCL 440.9504(3); MSA 19.9504(3). When a specific date after which sale may occur is not provided, awareness of the date of repossession is not sufficient. *Wheeless v Eudora Bank,* 256 Ark 644; 509 SW2d 532 (1974); *Nelson v Monarch Investment Plan of Henderson, Inc,* 452 SW2d 375 (Ky, 1970).

Because plaintiff's submission of copies of the promissory note and security agreement gave defendant bank notice of plaintiff's second security interest in the collateral pursuant to MCL

440.9504(3); MSA 19.9504(3), the circuit court's order of partial summary disposition was erroneous.

Reversed.