LENA SCHUETT, APPELLANT, v. ARTHUR HARGENS ET AL., APPELLEES.

114 N. W. 2d 508

Filed April 13, 1962. No. 35162.

*E. Merle McDermott* and *E. E. Hannon,* for appellant.

*Kelly & Kelly,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an action at law to collect interest alleged to be due on a promissory note on which the principal was paid. A jury was waived. After a trial to the court, judgment was rendered for defendants. Plaintiff appeals.

The plaintiff, Lena Schuett, hereinafter referred to as plaintiff, was the payee on a note dated January 12, 1956, in the amount of $5,000, payable on or before 6 months after the date of the death of Heinrich J. Hargens. The note was signed by Arthur Hargens and Anna Hargens, husband and wife, defendants herein, hereinafter referred to as defendants. The note contains the following: "* * * with interest at 6% per cent per annum from _____ until due, and with interest at nine per cent per annum after due until paid, interest payable _____ annually." Except for "6%" which was typed in a blank space, these provisions were a part of the printed portions of the note.

Plaintiff's petition sets out the note; alleges that plaintiff is the owner and holder thereof; that defendants paid

the principal sum of $5,000 on January 16, 1959; that no part of the interest has been paid; and that there is $900 due from the defendants as interest.

Defendants in their answer allege that the note was executed and delivered at the request of Heinrich Hargens, the father of the plaintiff and the defendant, Arthur Hargens. They specifically allege that the note was not to draw interest if payment was made within 6 months of the date of the death of Heinrich Hargens, and that said note was paid within 6 months of the date of his death. Defendants further answered that said note was given without consideration on the part of the plaintiff; and that there is no interest or other amounts due the plaintiff. Plaintiff filed a reply in the form of a general denial of all new matter alleged in defendants' answer.

A mortgage release was executed by the plaintiff at the time the $5,000 was paid, and reads in part: "IN CONSIDERATION of the payment of the debt named therein, I release the Mortgage for $5,000.00, made by Arthur Hargens and Anna Hargens, husband and wife, to Lena Schuett * * *."

Plaintiff testified that there was no mention of interest at the time she accepted the $5,000 payment and signed the release. There is a dispute as to whether plaintiff had the note with her when payment was made. She testified that she had it with her but did not show or produce it because she was not asked to do so. She also testified she understood at that time that she was getting her money for releasing the mortgage.

In a pre-trial order, the parties stipulated that the note and mortgage, the release, and a copy of the will of Heinrich J. Hargens, might be received in evidence. At the trial, the parties stipulated that demand had been made for the payment of the note; that no interest had been paid; and that the principal sum of $5,000 had been paid on January 16, 1959. The record does not disclose the date of the death of Heinrich J. Hargens.

The note was not due until 6 months after his death. Defendants alleged it was paid within that time. The case was tried on the theory that January 16, 1959, was within 6 months of the date of his death, and we accept that premise.

Plaintiff sets out seven assignments of error. For the purpose of consideration by this court, they may be grouped into three classifications: First, the overruling of plaintiff's motion for summary judgment; second, the overruling of plaintiff's motion to strike certain exhibits; and third, that the judgment is not sustained by the evidence. We will consider them in that order.

Plaintiff served a request on the defendants for certain admissions pursuant to section 25-1267.41, R. R. S. 1943. Defendants did not comply with the request within the time limited. Plaintiff, after the time had expired, filed a motion for summary judgment. The defendants then filed a motion for additional time to comply with the request for admissions. The trial court overruled the motion for summary judgment and gave the defendants 10 days to answer the request. The request was answered within that time. Plaintiff cites Kissinger v. School District No. 49, 163 Neb. 33, 77 N. W. 2d 767, in support of her contention that after the time originally limited had expired without application for additional time, the request for admissions was admitted by operation of law. In that case, improper responses were made and were treated as no response at all, and no request was made for additional time to answer. Here, an application for additional time was made after the time limited by the plaintiff had expired. The court, upon proper showing, saw fit to extend the time. This was clearly within the court's discretion. Section 25-1267.41, R. R. S. 1943, provides that the period designated shall be not less than 10 days after service or within such shorter or longer time as the court may allow. There was no abuse of discretion in granting the

additional time. The motion for summary judgment was properly overruled.

The next assignment involves the overruling of the plaintiff's motion to strike the mortgage which said note was given to secure, and the release of the mortgage given January 16, 1959, at the time the $5,000 was paid. This assignment as such is not discussed in the plaintiff's brief. We note that the admission of these exhibits was covered by the pre-trial order and also that they were admitted into evidence without objection. There is no merit to this assignment.

Plaintiff's third assignment, that the judgment is not sustained by the evidence, is controlled by well-settled legal principles. The findings of a court in a law action in which a jury is waived have the effect of a verdict of a jury and will not be disturbed on appeal unless clearly wrong. In such case, it is not the province of this court to resolve conflicts in or to weigh evidence. If there is a conflict in the evidence, this court, in reviewing the judgment rendered, will presume that the controverted facts were decided by the trial court in favor of the successful party, and the findings will not be disturbed unless clearly wrong. Shreve v. Agricultural Products Co., *ante* p. 219, 113 N. W. 2d 58.

In considering the sufficiency of the evidence to sustain a judgment rendered by a court where a jury is waived, not only must the evidence be considered most favorably to the successful party and any controverted facts resolved in his favor, but he must have the benefit of every inference reasonably deducible from the evidence. Dunbier v. Stanton, 170 Neb. 541, 103 N. W. 2d 797.

Applying these rules to this case, can we say that there is sufficient evidence to sustain a judgment for the defendants? The most that can be inferred from the evidence is that the plaintiff executed and delivered a mortgage release to the defendants which recited that the debt had been paid. There is no question this re-

lease was prima facie evidence of payment. However, it is not conclusively so. Pettit v. Louis, 88 Neb. 496, 129 N. W. 1005, 34 L. R. A. N. S. 356. In the absence of other evidence, this release would be sufficient. The difficulty herein is that the parties stipulated that only the principal but no interest had been paid. This stipulation has the effect of nullifying the presumption of payment in the absence of some evidence of settlement of a disputed matter, if such was the case. A debt cannot be extinguished by the payment of less than is actually due unless based on a new and sufficient consideration. Jensen v. Lincoln Hail Ins. Co., 125 Neb. 87, 249 N. W. 94.

The note provides for 6 percent interest. It does not specifically state the date from which interest is to run. However, section 62-117, R. R. S. 1943, reads in part: "* * * (2) where the instrument provides for the payment of interest without specifying the date from which interest is to run, the interest runs from the date of the instrument, * * *." On its face, therefore, the instrument provides for interest at 6 percent from January 12, 1956, to 6 months after the date of the death of Heinrich J. Hargens. On January 16, 1959, at the time of the execution of the release of the mortgage, there was due on the obligation $5,000, plus interest for 3 years at 6 percent. To discharge the obligation of the note, interest would need to be paid in the absence of other facts.

Defendants attempted to vary the terms of the instrument by parol testimony. In Farmers Nat. Bank v. Ohman, 112 Neb. 491, 199 N. W. 802, we said: "A promissory note, in the usual commercial form, is a complete contract in itself, and its terms cannot be varied or contradicted by parol evidence."

The defendants' remedy, if competent evidence existed to prove their contention, was to reform the instrument to reflect the facts, and not to attempt to vary or contradict its terms.

On the record before us, the plaintiff is entitled to

judgment for the amount due upon the note.

For the reasons stated in the foregoing opinion, the judgment is reversed and the cause is remanded to the district court with directions to enter judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., participating on briefs.