Jack L. **NELSON** and Gail Nelson,
Appellants,

v.

**MONARCH INVESTMENT PLAN OF
HENDERSON, INC., Appellee.**

**MONARCH INVESTMENT PLAN OF HEN-
DERSON, INC., Cross-Appellant,**

v.

Jack L. **NELSON** and Gail Nelson,
Cross-Appellees.

Court of Appeals of Kentucky.

March 27, 1970.

Charles B. West, Walker & West, Henderson, for appellants.

Robert G. Hunt, King, Deep, Branaman & Hunt, Henderson, for appellees.

CLAY, Commissioner.

This is a suit to recover a balance due on a note executed by defendant appellant, Jack Nelson, for the purchase of an automobile. The defendant counterclaimed for damages on the ground plaintiff appellee had sold the purchased vehicle for less than its market value and had failed to give defendant notice of the sale as required by KRS 355.9–504. The trial judge gave plaintiff summary judgment after giving defendant proper credit, and dismissed the counterclaim.

Defendant purchased the automobile on April 20, 1965, and executed his promissory note in the amount of approximately $1400. Before the first payment was due, defendant voluntarily brought the car to plaintiff's office and directed plaintiff to sell the automobile. At that time defendant stated he did not want the car under any circumstances, and delivered to plaintiff the ignition keys and the license receipt. Not long thereafter plaintiff's representative visited defendant at his home and obtained from him a signed bill of sale and a consignment agreement, the latter authorizing plaintiff to sell the vehicle at the best price it could obtain.

Subsequently defendant took back the bill of sale and said he wanted to cancel the consignment agreement. The reason for this change of mind is not shown. Thereafter plaintiff solicited and received bids from three used-car dealers. The car was then sold at a private sale to the highest bidder for $750. No claim is made that this was not a fair price on a used-car dealer market. No notice of this particular sale was given defendant.

The principal question raised on this appeal is whether the private sale of this repossessed automobile was on a "recognized market" within the meaning of KRS 355.9–504(3). That subsection provides:

"Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but *every aspect of the disposition* including the method, manner, time, place and terms must be *commercially reasonable*. Unless collateral is perishable *or* threatens to decline speedily in value *or* is of a type *customarily sold on a recognized market*, reasonable notification of the time and place of any public sale or *reasonable notification of the time after which any private sale* or other intended disposition is to be made shall be sent by the secured party to the debtor, * * *." (Emphasis added)

■ It will be noted first that every disposition of collateral must be "commercially reasonable".[1] The record convinces us that the method, manner, time, place and terms of this private sale were commercially reasonable. This appears as a customary business practice in disposing of repossessed automobiles. There is nothing to indicate lack of good faith, unfairness or fraud.

However, the condition above discussed does not affect the requirement of notice. Reasonable notification of the sale must be

---

1. KRS 355.9–507 provides in part:
   "The fact that a better price could have been obtained by a sale at a different time or, in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a *commercially reasonable manner*. If the secured party either sells the collateral in the usual manner in any recognized market therefor *or* if he sells at the price current in such market at the time of his sale *or* if he has otherwise sold in conformity with *reasonable commercial practices* among dealers in the type of property sold he has sold in a *commercially reasonable manner*." (Emphasis added)

given *unless* the collateral is either (1) perishable, or (2) threatens to decline in value, or (3) is of a type customarily sold on a recognized market. The latter is the only exemption upon which plaintiff could rely in this case. The reason for exempting such transaction from the notice requirement obviously is because the price on the recognized market represents the fair market value from day to day. The purpose of notice is to permit the debtor to bid at the sale or to protect himself from an inadequate sale price. If there is an established and recognized market, theoretically the best price at any given time is the current market price. We do not have such a recognized market for repossessed automobiles as a class. They vary widely in make, style, horsepower, age and condition.

■ While the question is one of first impression in Kentucky, it has been passed upon in Pennsylvania and Arkansas. Alliance Discount Corp. v. Shaw, 195 Pa.Super. 601, 171 A.2d 548 (1961); Norton v. National Bank of Commerce of Pine Bluff, 240 Ark. 143, 398 S.W.2d 538 (1966). In the Alliance case it is observed (page 550 of 171 A.2d):

"* * * No other article of commerce is subject to more erratic vacillation in pricing procedures. The so-called 'red book' purporting to fix prices of various makes and models of automobiles in accordance with their year of manufacture is adopted for the convenience and benefit of dealers and is not based on market prices which are arrived at in the open, based on asking prices of sellers and bids of prospective buyers.' Notice, as required by the Act, should have been given."

In the Norton case it was said (page 540 of 398 S.W.2d):

"First, the Code dispenses with notice when the collateral to be sold 'is of a type customarily sold on a recognized market.' Section 85–9–504(3). We cannot approve the bank's contention that a used car falls in this category. Obviously the Code dispenses with notice in this situation only because the debtor would not be prejudiced by the want of notice. Thus a 'recognized market' might well be a stock market or a commodity market, where sales involve many items so similar that individual differences are nonexistent or immaterial, where haggling and competitive bidding are not primary factors in each sale, and where the prices paid in actual sales of comparable property are currently available by quotation. We agree with the view taken in Pennsylvania, that there is no recognized market for used cars."

We think those decisions are sound and "reasonable notification" would be required by the Commercial Code under ordinary circumstances.

■ It is plaintiff's contention, however, that defendant actually had "reasonable notification of the time after which any private sale * * * is to be made". It is said that since defendant delivered the automobile to plaintiff for the purpose of having it sold, the defendant was thereby on notice of the time "after which" a private sale would be made. We think this notice requirement must mean something more substantial than that. We construe this provision to mean that the debtor is entitled to notification of a specific date after which the creditor may proceed to dispose of the collateral. This would give the debtor a deadline within which to protect himself in whatever manner he saw fit. Knowledge would be brought home to him that if he failed to liquidate his indebtedness, or reach an agreement with respect to the collateral, or failed to take other appropriate action by a specified time, he would be foreclosed from attacking the subsequent sale (provided always that it was "commercially reasonable").

■ In the present case we do not believe defendant's knowledge that the automobile eventually would be sold to satisfy

**378**

his indebtedness constituted reasonable notification of a *time* after which a private sale properly could be made. It is therefore our conclusion that plaintiff was required to give notice under KRS 355.9–504 and that it failed to comply. We believe the trial court incorrectly determined that under the terms of the statute notice of a private sale to a used-car dealer was not required. However, we are convinced the summary judgment for the plaintiff was proper on the ground that the defendant had waived the notice provision of the statute.

■ The following facts appear. Defendant voluntarily transferred complete dominion and control of this automobile to plaintiff. He was advised in substance that he probably could obtain a better price than the plaintiff if he sold the automobile. Defendant told plaintiff that he did not want the car back under any circumstances. Defendant delivered to plaintiff the car, the car keys, the license receipt and consignment agreement. The record indicates clearly defendant had no further interest in this automobile and did not intend to bid on it. There is no indication that any notice given him would have resulted in a higher sales price of the automobile. The evidentiary material establishes an intentional relinquishment of the right to notice. If it did not constitute a waiver, it seems clear that defendant's actions relied on by plaintiff estopped him to claim a violation of the statute.

■ It is true that KRS 355.9–501(3)(b) provides in effect that the notice provisions of the statute under consideration may not be waived, but we construe this provision as relating to a pre-emptive waiver found in the security agreement itself. See Norton v. National Bank of Commerce of Pine Bluff, 240 Ark. 143, 398 S.W.2d 538 (1966). In other words, the statute prohibits an anticipatory express waiver but does not deny a party the right to invoke the principles of waiver and estoppel which may apply to the subsequent transactions of the parties.

We conclude that under the particular facts of this case the defendant either waived his right to notice or is estopped to claim damages by reason of the plaintiff's failure to give it.

The judgment is affirmed on the appeal and affirmed on the cross-appeal.

All concur except that HILL, C. J., and REED, J., do not concur in so much of the opinion as decides that the appellant waived his right to notice.