CITIZENS STATE BANK, APPELLANT, V. ROBERT E. SPARKS, APPELLEE.

276 N. W. 2d 661

Filed March 20, 1979.   No. 41909.

Richard L. Spittler, for appellant.

Mac H. McConnell, for appellee.

Heard before KRIVOSHA, C. J., BRODKEY, and McCOWN, JJ., and RICHLING and CLARK, District Judges.

CLARK, District Judge.

The county court of Madison County in an action for a deficiency judgment against the defendant-debtor found that reasonable notice had not been given to the defendant by the plaintiff, as required by section 9-504 (3), U. C. C.

The District Court affirmed the judgment of the county court and dismissed the plaintiff's petition. The plaintiff then perfected this appeal. We affirm the judgment of the District Court.

The record reflects that in March 1974 defendant executed a note and security agreement with plaintiff bank in order to purchase the automobile in question. After making payments for some time, defendant fell delinquent, and the bank claimed the note due and payable in the early part of 1976. Attempts were made by the defendant or his family to rewrite the loan without success.

Thereafter, on or about February 2, 1976, the plaintiff, through its officer, James Tonniges, telephoned defendant's residence in Clearwater, Nebraska, and informed defendant or his family that the car would have to be repossessed.

By letter dated February 5, 1976, Mr. Tonniges advised defendant: "This is to inform you that we are in the process of reposessing [sic] your 1971 Dodge Charger. Someone will be there within the next few days to pick up the car. We will then sell the car and the money will be applied to your note, any balance remaining will then be taken to small claims court." This letter constituted the only notice given by the bank to the defendant relating to the intended disposition of the automobile.

Toward the end of February 1976 the automobile was towed away and taken to a garage for repairs, since it was inoperable at the time. Several days later defendant gave the car keys to a garage employee because "* * * they come and picked it up and I figured they were going to work on it, and so I gave — just gave him the keys."

The automobile was subsequently taken to Contois Motor Company in Neligh, Nebraska, where it was sold at private sale on June 7, 1975. Mr. Tonniges did not recall exactly how much the car sold for but thought it was around $1,000, which amount was

credited to defendant's account. The sales tax receipt indicated a sale price of $1,275. Contois Chevrolet received no commission, and there were no expenses of sale. The variation in price is not explained by the record.

The title to the auto in question was never actually in defendant's name but was in the name of defendant's parents, apparently for the purpose of obtaining a lower insurance premium. Everyone acknowledged that the car actually belonged to the defendant, and the case was tried on that theory. For purpose of appeal we will also follow that theory.

On about June 5, 1978, defendant's parents, at the request of plaintiff's agent, signed the title to the car over to plaintiff bank. Defendant was not aware of the fact that his parents had signed the title over until some time later, and it was apparently done without his authority.

Plaintiff assigns as error the finding of the lower courts that the notice given by plaintiff did not constitute reasonable notification of a private sale pursuant to the provisions of section 9-504 (3), U. C. C., and failure to award a deficiency judgment against defendant.

Section 9-504 (3), U. C. C., insofar as it is pertinent to this case, provides "* * * Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor * * *."

The sale in this case was a private sale, and, therefore, the notice required by the Uniform Commercial Code is notification of the time after which the collateral will be sold. Such notice should be in written form and sent in such time that the debtor would have a minimum of 3 business days to ar-

range to protect his interests. See DeLay First Nat. Bank & Trust Co. v. Jacobson Appliance Co., 196 Neb. 398, 243 N. W. 2d 745.

The only notification in this case was the letter from plaintiff to defendant some 3 weeks before the car was repossessed. This letter failed to state a time certain after which the collateral would be sold or even whether the sale would be public or private.

"Compliance with the Uniform Commercial Code for notification as to the disposition of collateral is a condition precedent to a secured creditor's right to recover a deficiency." Bank of Gering v. Glover, 192 Neb. 575, 223 N. W. 2d 56.

"* * * the burden of proof is on the secured party to prove compliance with the statutory requirements of notice and reasonableness of notice. * * * Failure to give notice is an absolute bar to the recovery of a deficiency." DeLay First Nat. Bank & Trust Co. v. Jacobson Appliance Co., *supra*.

It is obvious the letter of February 5, 1976, did not constitute notice as required by the Uniform Commercial Code in that it did not identify the type of sale or the time after which private sale would be made and, furthermore, was sent some 3 weeks prior to the time plaintiff took possession of the collateral.

The ruling of the lower courts must stand unless the defendant's right to notice was waived by his subsequent conduct amounting to waiver or estoppel.

Plaintiff argues that if the letter of February 5, 1976, was not sufficient notice, the defendant has waived his right to notice by his actions in relinquishing the keys to the automobile and in executing title thereto. In support of this proposition plaintiff cites a 1970 Kentucky case, Nelson v. Monarch Invest. Plan Of Henderson, Inc., 452 S. W. 2d 375. This case involved sale of an automobile held as collateral. The Kentucky court in its ruling sum-

marized the facts as follows: "The following facts appear. Defendant *voluntarily* transferred complete dominion and control of this automobile to plaintiff. He was advised in substance that he probably could obtain a better price than the plaintiff if he sold the automobile. Defendant told plaintiff that he did not want the car back under any circumstances. *Defendant delivered to plaintiff the car, the car keys, the license receipt and consignment agreement. The record indicates clearly defendant had no further interest in this automobile* and did not intend to bid on it. * * * The evidentiary material establishes an intentional relinquishment of the right to notice. If it did not constitute a waiver, it seems clear that defendant's actions relied on by plaintiff estopped him to claim a violation of the statute." (Emphasis supplied.)

We believe that Nelson v. Monarch, *supra*, can be distinguished from this case. In the instant case the automobile was not delivered to plaintiff voluntarily; the keys were delivered for a limited purpose, i.e., to facilitate repair work; and the title was executed by defendant's parents without defendant's authority or knowledge. Further, defendant expressed an interest in retaining the automobile.

While not denying that a case of waiver or estoppel could arise under section 9-504 (3), U. C. C., we do not feel the circumstances in this case rise to that level.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.