BUTTE STATE BANK, A BANKING CORPORATION, APPELLEE, V. E. P. WILLIAMSON, APPELLANT.

338 N.W.2d 598

Filed September 23, 1983. No. 82-523.

Arlen D. Magnuson, on brief, and Jewell, Otte, Gatz & Collins, for appellant.

Forrest F. Peetz of Peetz and Peetz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and GRANT, D.J.

CAPORALE, J.

E. P. Williamson, defendant in the trial court, appeals from an award to the plaintiff-appellee, Butte State Bank, of a deficiency summary judgment on a guaranty. We reverse and remand.

In the posture of this case we are required to determine whether there here exists no genuine issue as to any material fact, whether the ultimate inferences to be drawn from those facts are clear, and whether the bank is entitled to judgment as a matter of law; for it is only under such circumstances that summary judgment may properly be granted. *Swanson v. First Fidelity Life Ins. Co.*, 214 Neb. 654, 335 N.W.2d 538 (1983).

The salient facts are that on May 7, 1977, Dewaine Williamson, the son of defendant herein, was indebted to the bank on past-due promissory notes. On that day defendant, in order to forestall the express intentions of the bank to foreclose on its security agreements covering his son's crop, livestock, and farm equipment, entered into a guaranty agreement covering his son's debt.

By the spring of 1980 it became apparent that the

son's obligation to the bank would not be satisfied. A public auction of the son's assets which were held as security was conducted by the bank at the son's farm in November of 1980.

Defendant knew of the sale by virtue of discussions with his son; however, there was no testimony that the bank had sent notice of the sale to defendant. Defendant testified he received no notice from the bank.

After the proceeds of the sale were applied to the son's debt, this suit was filed against defendant on the guaranty he had signed.

The recent case of *First Nat. Bank & Trust Co. v. Hughes*, 214 Neb. 42, 332 N.W.2d 674 (1983), and its predecessors control the outcome of this case.

Neb. U.C.C. § 9-504(3) (Reissue 1980) requires, with certain exceptions not material here, that notice of a public sale be sent by the secured party to the debtor. A guarantor is a debtor within the meaning of the term as defined in Neb. U.C.C. § 9-105(1)(d) (Reissue 1980). *First Nat. Bank & Trust Co. v. Hughes, supra.*

The requirement that notice be "sent" contemplates that the notice be in writing, under the definition of "send" contained in Neb. U.C.C. § 1-201(38) (Reissue 1980). That section tells us that " 'Send' in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed . . . ." We have held that an oral message does not fit into the above-quoted language. *DeLay First Nat. Bank & Trust Co. v. Jacobson Appliance Co.*, 196 Neb. 398, 243 N.W.2d 745 (1976). We have also stated that § 1-201(38) does not require that the notification actually reach the person to whom it was sent, provided that reasonable steps were taken in sending the notice. *First Nat. Bank & Trust Co. v. Hermann*, 205 Neb. 169, 286 N.W.2d 750 (1980).

Where, as in this case, it is shown that no notice

was received and it is not shown that notice was sent, it must be concluded that the bank failed to show that it had complied with § 9-504(3). As we have stated many times in the past, it is the rule in this jurisdiction that compliance with the notice provisions is a condition precedent to the right of a creditor to recover a deficiency judgment. *First Nat. Bank & Trust Co. v. Hughes, supra*; *First Nat. Bank & Trust Co. v. Hermann, supra*; *DeLay First Nat. Bank & Trust Co. v. Jacobson Appliance Co., supra.* See, also, *Borg-Warner v. Watton, post* p. 318, 338 N.W.2d 612 (1983).

The bank's complaint that the court improperly allowed the untimely amendment of defendant's answer so as to assert lack of notice as a defense is legally insignificant. Compliance with the notice requirements of § 9-504(3) being a condition precedent to the bank's right to recover a deficiency judgment, it was incumbent upon it to have proved the fact, irrespective of defendant's answer.

Having failed to carry its burden of proof, the bank, on the facts elicited in the trial court, is not entitled to a deficiency judgment as a matter of law. The decision of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.