**In re Duane LONG, Debtor.**

**Bankruptcy No. PB 86–41M.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Oct. 21, 1987.

Russell Berry, DeWitt, Ark., for FNB DeWitt.

Walter M. Dickinson, Little Rock, Ark., trustee.

Stephen L. Gershner, Little Rock, Ark., for debtor.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On January 27, 1986, Duane Long (debtor) filed a voluntary petition for relief under the provisions of chapter 13 of the United States Bankruptcy Code. On September 8, 1986, the case was converted to chapter 7 and Hon. Walter Dickinson was appointed trustee.

The matter before the Court is the debtor's objection to First National Bank of DeWitt's (FNB) unsecured claim. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

On December 7, 1983, Roger Smith Agri Service, Inc., (RSAS) executed a promissory note in the principal sum of $174,313.56 in favor of FNB. The debtor signed the note as an accommodation maker. Prior to the date the petition was filed, the note became in default and FNB requested RSAS to park the airplane while FNB tried to find a purchaser. RSAS voluntarily complied and assisted FNB in trying to locate a purchaser. The debtor was aware that FNB had asked the RSAS to park the airplane and that an attempt was being made to find a purchaser. When FNB found a purchaser, Roger Smith, president of RSAS was requested to come to FNB and execute the documents necessary to transfer title of the airplane to the new purchaser. The purchase price was $30,-000.00 and was delivered in the form of a check made payable to FNB and RSAS. The check was endorsed over to FNB and applied to the loan balance. No notice of the private sale was sent to the debtor. FNB filed a proof of claim for the deficiency in the sum of $165,786.12.

The debtor argues that the sale of the airplane was a disposition of collateral by a secured party which is governed by Ark. Stat.Ann. § 85-9-504 (Cum.Supp.1985), and that notice of the sale was not given to the co-maker debtor and, therefore, FNB is not entitled to a deficiency claim. FNB argues that the sale of the airplane was by the principal debtor, RSAS, and therefore was not the sale of repossessed collateral and not subject to the notice requirements of Ark.Stat.Ann. § 85-9-504 (Cum.Supp.1985).

### I

Ark.Stat.Ann. § 85-9-105(d) (Cum.Supp. 1985) defines "debtor" as follows:

[T]he person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, the term "debtor" means the owner of the collateral in any provision of the Article [chapter] dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires.

The accommodation maker in this case is a "debtor" as defined by § 85-9-105(d) because of the "other performance owed language."

Ark.Stat.Ann. § 85-9-504 (Cum.Supp. 1985) provides, in part, as follows:

(1) A secured party after default may sell, lease, or otherwise dispose of any or all of the collateral

. . . .

. . . .

(3) . . . Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a

recognized market, reasonable notification ... of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor....

Failure to give notice under Ark.Stat.Ann. § 85–9–504 bars a secured party from asserting a deficiency judgment against a debtor. *McIlroy Bank & Trust Co. v. Seven Day Builders*, 1 Ark.App. 121, 613 S.W. 2d 837, 842 (1981); *Rhodes v. Oaklawn Bank*, 279 Ark. 51, 648 S.W.2d 470, 471 (1983). A guarantor of a note secured by a security interest in collateral is entitled to notice prior to sale of the collateral. *Hepworth v. Orlando Bank & Trust Company*, 323 So.2d 41 (Fla.App.1975); *First Nat. Bank of Denver v. Cillessen*, 622 P.2d 598 (Colo.App.1980); *In re Kennedy*, 785 F.2d 1553 (11th Cir.1986). Although FNB did not repossess the collateral and sell it, it was "otherwise disposing" of the collateral within the meaning of Ark.Stat.Ann. § 85–9–504, and was therefore required to give notice to the debtor of the disposition. *Stockdale, Inc. v. Baker*, 364 N.W.2d 240, 40 U.C.C. 1155, 1158 (Iowa 1985). The Court observed in *Stockdale* that, "[t]he purpose of notice under § 9–504(3) is to permit a debtor to bid in at the sale or to protect himself from an inadequate sale price (citations omitted)." *Federal Deposit Ins. Corp. v. Farrar*, 231 N.W.2d 602, 605 (Iowa 1975); *Beneficial Finance Co. of Black Hawk County v. Reed*, 212 N.W.2d 454, 459 (Iowa 1973); *Nelson v. Monarch Invest. Plan of Henderson, Inc.*, 452 S.W. 2d 375, 377 (Ky.1970). FNB will not be entitled to claim a deficiency against the debtor because of FNB's failure to comply with the notice requirements of Ark.Stat. Ann. § 85–9–504. The objection to FNB's claim is sustained.

IT IS SO ORDERED.