GENERAL ELECTRIC CREDIT CORPORATION, APPELLANT, V. GERALD B. LEWIS, APPELLEE.

432 N.W.2d 27

Filed November 23, 1988.   No. 87-314.

Steven C. Turner and Terrence L. Michael, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellant.

T.J. Hallinan, of Law Offices of Cobb & Hallinan, P.C., for appellee.

BOSLAUGH, SHANAHAN, and GRANT, JJ., and ENDACOTT and QUIST, D. JJ.

SHANAHAN, J.

General Electric Credit Corporation (GECC) appeals from a summary judgment in the district court for Lancaster County, which dismissed GECC's action for a deficiency payment from a guarantor after sale of collateral pursuant to a security agreement in favor of GECC. The district court found that the notice of sale sent by GECC (creditor) to Gerald B. Lewis (guarantor) was ambiguous as a matter of law, and, therefore, GECC could not compel Lewis to satisfy the deficiency remaining after sale of collateral.

On August 7, 1981, as an inducement to GECC's prospective loan to William Thompson III and Donna Ahrens, Lewis executed and delivered to GECC a guaranty covering the present and future debts of Thompson and Ahrens to GECC. On August 10, Thompson and Ahrens entered into a loan agreement with GECC and granted GECC a security interest in a 1981 Mack truck tractor. Lewis was not a party to this security agreement.

Two years later, after Thompson and Ahrens had defaulted on their GECC loan, GECC repossessed the Mack tractor for disposition by private sale. By certified mail on November 18, 1983, GECC sent a "NOTICE OF SALE OF COLLATERAL" to Lewis:

TO:  Gerald B. Lewis
      C/O Lewis Service Center
      4101 West "O" Street
      Lincoln, NB 68528

PLEASE TAKE NOTICE that the following described collateral of which we have taken possession pursuant to Chattel Mortgage dated August 10, 1983 in which William Thompson III and Donna Ahrens is the Debtor and we are the Secured Party, will be sold by: . . . Private Sale on or after November 30, 1983 at 2333 Waukegan Road,

Bannockburn, Illinois 60015
DESCRIPTION OF COLLATERAL: One (1) 1981 Mack Truck Tractor . . . .

At a private sale on February 7, 1984, GECC sold the Mack tractor. After application of sale proceeds to the Thompson-Ahrens debt to GECC, a deficiency of $25,000 remained. In a letter sent on February 10, GECC demanded that Lewis pay the deficiency within 10 days. Lewis refused.

On June 18, 1984, GECC sued Lewis to recover the deficiency on the Thompson-Ahrens debt. Relying on *Deutsche Credit Corp. v. Hi-Bo Farms, Inc.*, 224 Neb. 463, 398 N.W.2d 693 (1987), the district court held: "[T]he notice refers only to Thompson and Ahrens as the debtors and refers only to the chattel mortgage signed by Thompson and Ahrens and not by the defendant, the Court determines that the notice is ambiguous as a matter of law with respect to the defendant guarantor."

In this appeal, the sole issue is the sufficiency of GECC's November 18, 1983, "notice of sale" to Lewis, a guarantor, insofar as the notice relates to an action for a deficiency judgment against a guarantor after the sale of collateral under a security agreement for the principal indebtedness.

Antedating *Deutsche Credit Corp. v. Hi-Bo Farms, Inc., supra*, is *First Nat. Bank & Trust Co. v. Hughes*, 214 Neb. 42, 332 N.W.2d 674 (1983). In *Hughes*, Central Auto & Truck Supply, Inc., was indebted to First National Bank by a loan for which Vernor and Diana Hughes were guarantors of Central Auto's debt. When Central Auto defaulted on the loan, First National sent written notice to Vernor Hughes, as president of Central Auto, but addressed the notice to the Hughes residence. The notice informed Hughes about a prospective sale to liquidate the collateral involved in the Central Auto loan, but made no mention about the Hughes guaranty or possible personal liability, as the result of the guaranty, regarding a deficiency after sale of the collateral. This court, in *Hughes*, stated:

> The . . . notice in this case makes no reference to the guaranty; indeed, it makes reference only to the "Financing Statement . . . ," . . . a document which was

signed individually by neither Mr. Hughes nor Mrs. Hughes. In that regard the notice fails to apprise either Mr. or Mrs. Hughes that a personal deficiency judgment might be sought against any one of them in his or her capacity as guarantor of the corporation's debt. Secondly, as between Mr. Hughes and Central Auto [the corporate debtor], the matter as to whom the notice was sent is ambiguous. The interest of Mr. Hughes in this context conflicts with that of the corporation. It cannot be said that the notice, as addressed, unmistakably advises Mr. Hughes personally that he . . . may be held "liable for any deficiency declared owing after disposal of this collateral." To assume that Mr. Hughes would know that a deficiency could not be obtained against the bankrupt Central Auto is to assume something not supported by the record before us. . . .

It is the rule in this jurisdiction that compliance with the notice provisions of the Uniform Commercial Code is a condition precedent to the right of a creditor to recover a deficiency judgment. [Citations omitted.] The failure to give the requisite notice is an absolute bar to recovery. [Citations omitted.] "If the creditor wishes a deficiency judgment, he must obey the law. If he does not obey the law he cannot secure a deficiency judgment." [Quoting from *Bank of Gering v. Glover*, 192 Neb. 575, 223 N.W.2d 56 (1974).]

214 Neb. at 46-47, 332 N.W.2d at 677. Thus, First National Bank was unable to recover on the basis of the Hughes guaranty because "there was no notice to the guarantors" concerning a deficiency judgment. 214 Neb at 47, 332 N.W.2d at 677.

Similarly, in *Deutsche Credit Corp. v. Hi-Bo Farms, Inc., supra*, Dale Hinz, who was president of Hi-Bo, and Carol Hinz, who was secretary of Hi-Bo, signed a guaranty for Hi-Bo's debt to Deutsche Credit. When Hi-Bo defaulted, Deutsche Credit sent written notice to Hinzes that there would be a private sale of collateral, which was authorized by Hi-Bo's security agreement with Deutsche Credit. The notice did not mention the Hinz guaranty or prospective personal liability for any deficiency after sale of the collateral. After the private sale and

an established deficiency on the Hi-Bo loan, Deutsche Credit sought to enforce the Hinz guaranty and collect the deficiency from Hinzes. In denying recovery for the deficiency, this court stated:

> Neb. U.C.C. § 9-504(1) (Reissue 1980) provides that after default a secured party may sell the collateral. Section 9-504(3) provides for the disposition of the collateral by public or private sale and, with certain exceptions not relevant to the present inquiry, requires that reasonable notice of the sale be sent by the secured party to the debtor. A guarantor, being one "who owes payment or other performance of the obligation secured," has been held to be a "debtor" as defined in Neb. U.C.C. § 9-105(1)(d) (Reissue 1980), and thus entitled to notice. [Citation omitted.]

224 Neb. at 465-66, 398 N.W.2d at 695.

> [Hinzes] argue that the notices are, at best, ambiguous and, as such, constitute no notice at all insofar as they individually are concerned.
>
> We conclude that the notices are ambiguous as a matter of law with respect to the guarantors. They refer to but a single debtor, Hi-Bo Farms, and refer only to the security agreement executed by that debtor solely. That ambiguity is to be resolved against plaintiff as the drafter of the notices. *First Nat. Bank & Trust Co. v. Hughes*, 214 Neb. 42, 332 N.W.2d 674 (1983).
>
> . . . .
>
> Since the notices are ambiguous as a matter of law and since as a matter of law the ambiguity must be resolved against plaintiff and in favor of the guarantors, the situation is, as the guarantors argue, as if no notice whatsoever had been sent to them.

224 Neb. at 468-69, 398 N.W.2d at 697.

Apparently implicit in *First Nat. Bank & Trust Co. v. Hughes*, 214 Neb. 42, 332 N.W.2d 674 (1983), and *Deutsche Credit Corp. v. Hi-Bo Farms, Inc.*, 224 Neb. 463, 398 N.W.2d 693 (1987), is Neb. U.C.C. § 9-504 comment 5 (Reissue 1980), namely, one of the purposes of the Uniform Commercial Code notice provisions is assurance that "persons entitled to receive

[notice] will have sufficient time to take appropriate steps to protect their interests." Consequently, this court has concluded that, because reasonable notice of sale is designed to give a guarantor an opportunity to protect the guarantor's interest, a notice which fails to inform the guarantor concerning an interest to protect, namely, potential liability for a deficiency after sale, is not reasonable. Therefore, to satisfy the requirement of reasonable notice, as a prerequisite concerning a guarantor's liability for a deficiency, § 9-504(3) requires that the secured party-creditor inform the guarantor of a debt concerning the guarantor's potential liability for a deficiency on sale of collateral after the principal debtor's default. *Deutsche Credit Corp. v. Hi-Bo Farms, Inc., supra*; *First Nat. Bank & Trust Co. v. Hughes, supra*.

The notice sent to Lewis, as a guarantor, is deficient in view of *Deutsche Credit* and *Hughes*, because GECC's notice failed to refer to Lewis' guaranty and did not inform Lewis that he, as a guarantor of the Thompson-Ahrens debt, would be liable for any deficiency after sale of the collateral. Instead, the notice referred only to Thompson and Ahrens as debtors, and to the "chattel mortgage" signed by those debtors. Since GECC's notice to Lewis failed to inform him that GECC would seek a personal deficiency judgment against Lewis in his capacity as a guarantor, the notice was unreasonable under § 9-504(3).

Compliance with the notice provisions of the U.C.C. is a condition precedent to recovery of a deficiency judgment against a guarantor. *First Nat. Bank & Trust Co. v. Hughes, supra*. GECC failed to satisfy the reasonable notice requirement of § 9-504(3) as a condition precedent to recovery on Lewis' guaranty. We, therefore, affirm the district court's summary judgment for Lewis.

AFFIRMED.