AMERICAN HONDA FINANCE CORPORATION, APPELLANT, V.
RONALD L. BENNETT AND SHIRLEY J. BENNETT, APPELLEES.

439 N.W.2d 459

Filed May 5, 1989.    No. 87-611.

Bartholomew L. McLeay and Gregory W. Searson, of Kutak Rock & Campbell, for appellant.

Bradley D. Holtorf, of Sidner, Svoboda, Schilke, Wiseman, Thomsen, Holtorf & Boggy, for appellees.

HASTINGS, C.J., SHANAHAN, and FAHRNBRUCH, JJ., and NORTON, D.J., and RONIN, D.J., Retired.

RONIN, D.J., Retired.

American Honda Finance Corporation (AHFC) appeals a Dodge County District Court order granting summary judgment in favor of Ronald L. and Shirley J. Bennett. We affirm.

In reviewing a grant of summary judgment, this court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Five Points Bank v. White,* 231 Neb. 568, 437 N.W.2d 460 (1989).

22

On February 12, 1985, AHFC entered into a security agreement with Bennett's Gun & Cycle, Inc., a corporation in which the Bennetts serve as corporate officers. On April 1, 1985, the Bennetts executed and delivered to AHFC a "continuing personal guaranty," wherein they personally guaranteed payment of any indebtedness arising under the security agreement. As of August 19, 1986, Bennett's Gun & Cycle was in default under the security agreement, and AHFC filed a petition of replevin to recover the inventory in the possession of Bennett's Gun & Cycle. On September 11, 1986, AHFC repossessed the inventory held by Bennett's Gun & Cycle.

On October 10, 1986, AHFC mailed a notice of private sale to the Bennetts. The same day an identical notice was sent to Bennett's Gun & Cycle. The notices were sent in the same envelope to the same address, the only difference being the first line of the inside address. The notices stated:

RE: Repossessed Motorcycles and Power Equipment
Dear Ronald and Shirley Bennett:

Pleae [sic] be advised that on or after 8:00 AM, on October 24, 1986, American Honda Finance Corporation will sell at private sale the collateral heretofore repossessed from you by American Honda Finance Corporation pursuant to the Security Agreement between you and American Honda Finance Corporation. Such collateral consist of Motorcycles and Power Equipment.

Both notices were signed by H.L. Stephens, manager of AHFC. The private sale was held on October 24, 1986.

On February 4, 1987, AHFC and Bennett's Gun & Cycle agreed a deficiency judgment could be entered against Bennett's Gun & Cycle in the amount of $29,089.77. AHFC and Bennett's Gun & Cycle further stipulated that AHFC had given "reasonable notification" of the private sale to Bennett's Gun & Cycle and that the private sale was conducted in a "commercially reasonable manner." The parties expressly agreed the stipulation as to "reasonable notification" would not be used and would not prejudice either AHFC or the Bennetts in this action.

Both parties filed motions for summary judgment. After a

hearing on both motions, the district court found the notice of private sale was ambiguous as a matter of law, and AHFC was barred from pursuing a deficiency judgment against the Bennetts. The court also found that there was no genuine issue of material fact and that the Bennetts were entitled to have the lawsuit against them dismissed. The court granted the Bennetts' motion for summary judgment and dismissed AHFC's petition. AHFC appeals.

AHFC's assignments of error can be summarized as claiming the trial court erred (1) in not applying California law, (2) in not finding the notice was sufficient under both California and Nebraska law, and (3) in not finding the Bennetts were estopped from asserting the deficiency of the notice.

AHFC first argues California law should have been applied to determine all aspects of the personal guaranty signed by the Bennetts. This claim is based on a provision in the guaranty which states: "This Guaranty shall be governed as to validity, interpretation effect and in all other respects, by the laws and decisions of the State of California."

Cal. Com. Code § 9504(3) (West Supp. 1989) provides in pertinent part:

> Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, the secured party must give to the debtor . . . notice in writing of the time and place of any public sale or of the time on or after which any private sale or other intended disposition is to be made.

According to AHFC, this section differs from Nebraska law in two respects. First, AHFC argues a guarantor is not a debtor under California law. Second, AHFC claims the California statute does not require the reasonable notice.

In its brief, AHFC concedes there is a split of authority on whether a guarantor must receive notice, and the California Supreme Court has not addressed the issue. Three courts have found a guarantor is a "debtor" entitled to receive notice. *American Nat. Bank v. Perma-Tile Roof Co.*, 200 Cal. App. 3d 889, 246 Cal. Rptr. 381 (1988); *C.I.T. Corp. v. Anwright Corp.*, 191 Cal. App. 3d 1420, 237 Cal. Rptr. 108 (1987); *Connolly v. Bank of Sonoma County*, 184 Cal. App. 3d 1119, 229 Cal. Rptr.

396 (1986). Two earlier cases held guarantors are not debtors and therefore are not entitled to notice under this section. *Rutan v. Summit Sports, Inc.*, 173 Cal. App. 3d 965, 219 Cal. Rptr. 381 (1985); *United States, etc. v. Kurtz*, 525 F. Supp. 734 (E.D. Pa. 1981), *aff'd* 688 F.2d 827 (3d Cir. 1982), *cert. denied* 459 U.S. 991, 103 S. Ct. 347, 74 L. Ed. 2d 387, applying California law. The later courts found *Rutan* was based almost exclusively on *Kurtz*, which had subsequently been criticized within its own district in *Ford Motor Credit Co. v. Lototsky*, 549 F. Supp. 996 (E.D. Pa. 1982).

These cases illustrate that California law is unclear on whether a guarantor is entitled to notice. Further, no California court has determined what must be contained in a notice before it is valid. Where another state's law is unclear or undecided, we assume its law to be the same as ours and apply Nebraska's law to the dispute. 16 Am. Jur. 2d *Conflicts of Law* § 78 (1979). Therefore, the trial court did not err in applying Nebraska law.

Nebraska law is clear. A guarantor is a debtor entitled to receive notice under Neb. U.C.C. § 9-504(3) (Reissue 1980). *General Electric Credit Corp. v. Lewis*, 230 Neb. 429, 432 N.W.2d 27 (1988); *Deutsche Credit Corp. v. Hi-Bo Farms, Inc.*, 224 Neb. 463, 398 N.W.2d 693 (1987); *First Nat. Bank & Trust Co. v. Hughes*, 214 Neb. 42, 332 N.W.2d 674 (1983). Reasonable notice of the sale of collateral is a prerequisite to collection of a deficiency judgment against the debtor. *General Electric Credit Corp. v. Lewis, supra; Deutsche Credit Corp. v. Hi-Bo Farms, Inc., supra; First Nat. Bank & Trust Co. v. Hughes, supra.* To be reasonable, the notice must inform the guarantor of his potential liability for a deficiency on the sale of collateral after the principal debtor's default. *General Electric Credit Corp. v. Lewis, supra; Deutsche Credit Corp. v. Hi-Bo Farms, Inc., supra; First Nat. Bank & Trust Co. v. Hughes, supra.*

Separate notices were sent to the primary debtor and the guarantors; however, the notice to the Bennetts states it was sent "pursuant to the Security Agreement between you and American Honda Finance Corporation." The notice made no reference to the guaranty agreement signed by the Bennetts. The notice received by the Bennetts referred only to collateral in

the form of motorcycles and power equipment repossessed from "you." From the notice, it is clear the "you" referred to is Bennett's Gun & Cycle, not Ronald and Shirley Bennett. Nor does the notice give any indication that the Bennetts may be held liable for any deficiency which results from the sale. Therefore, this notice was deficient as a matter of law.

AHFC also claims the Bennetts should be estopped from raising the sufficiency of the notice because, as officers of the debtor corporation, they knew Bennett's Gun & Cycle would not be able to satisfy any deficiency which resulted from the private sale. We can find no authority in Nebraska law to support such a claim. Further, AHFC does not cite to any authority which supports its contention. Therefore, we find this assignment of error to be without merit.

For the foregoing reasons, the summary judgment granted by the district court is affirmed.

AFFIRMED.