MASON STATE BANK, APPELLEE AND CROSS-APPELLANT, V. ALVIN
E. SEKUTERA, APPELLANT AND CROSS-APPELLEE.

461 N.W.2d 517

Filed October 19, 1990.    No. 88-610.

Raymond A. Hervert, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

John O. Sennett and Brad Roth, of Sennett & Roth, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

On November 23, 1984, defendant-appellant, Alvin E. Sekutera, executed two promissory notes payable to the order of plaintiff-appellee, Mason State Bank, one in the amount of $48,300 and the other in the amount of $49,936.38. Both of the notes were due on April 23, 1985. To secure these notes, Sekutera and his wife granted Mason State Bank a security interest in certain cattle.

After Sekutera defaulted on his promissory notes and pursuant to a replevin action which it had filed, Mason State Bank took control of the cattle which secured its advances to Sekutera. On June 17, 1986, Mason State Bank's attorney sent a letter to the Sekuteras, advising them that the cattle securing this debt would be sold on July 27, 1986. However, the cattle were instead sold a month earlier, on June 27, 1986.

After selling the cattle, Mason State Bank applied the sale proceeds to the notes. On May 4, 1987, Mason State Bank commenced this action for the amount remaining unpaid on the notes. On June 26, 1987, Sekutera demurred to Mason State Bank's petition. Apparently on October 16, 1987, the district court entered an order respecting Sekutera's demurrer, which reads in part:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

A. The DEMURRER of [Sekutera] is overruled.

B. [Mason State Bank] separately number and state the causes of action of [Mason State Bank] on each of [its] promissory notes.

C. [Mason State Bank] is given 10 days to file an

amended petition.

D. [Sekutera] is given 20 days thereafter to plead or answer [Mason State Bank's] amended petition.

On October 20, 1987, Mason State Bank filed an amended petition, and on January 12, 1988, it filed a motion for a default judgment "for the reason that no Answer or other pleading ha[d] been filed in behalf of [Sekutera]." On February 4, 1988, Sekutera filed an answer to Mason State Bank's amended petition, and at a February 5, 1988, hearing on its motion for default judgment, the district court found that Mason State Bank's motion was "moot," as by then Sekutera had answered the petition.

On May 5, 1988, Mason State Bank notified the district court that it had, on the previous day, served a request for admissions upon Sekutera. The document recited in part:

Mason State Bank . . . requests that [Sekutera], within thirty (30) days from the date of service herein, or forty-five (45) days from the service of summons, pursuant to Nebraska Discovery Rule 36, make the following admissions:

. . . .

REQUEST FOR ADMISSIONS NO. 12: That you were given commercially reasonable notice of the sale of the cattle . . . .

On June 10, 1988, after receiving no response from Sekutera, Mason State Bank filed a motion which sought an order declaring that the foregoing request, among others, be deemed admitted.

On June 13, 1988, Mason State Bank filed a motion for summary judgment, and on June 14 it filed a notice of hearing indicating that its motion for summary judgment would be heard on July 8, 1988. A copy of this notice was mailed to Sekutera's attorney on June 13, 1988.

On July 7, 1988, Sekutera filed a pleading stating that on July 6, 1988, he had filed his answers to Mason State Bank's request for admissions, asked the district court to deny Mason State Bank's motion that its request be deemed admitted, and also asked the district court to "allow" his answers to Mason State Bank's request. In addition, on July 8, 1988, Sekutera also

filed a motion for summary judgment.

Following a July 8, 1988, hearing on the parties' motions for summary judgment, the district court filed a journal entry which states the following in part:

[T]he Court having taken under advisement [Mason State Bank's] Motion to have Requests for Admission admitted, and [its] and [Sekutera's] Motions for Summary Judgment, hereby finds:

1. That [Mason State Bank's] Motion to have answers to Requests for Admission deemed admitted is hereby overruled, and; [Sekutera's] Response to [Mason State Bank's] Motion, for good cause shown, is allowed and [Sekutera's] ANSWERS TO REQUEST FOR ADMISSIONS . . . are allowed to be filed out of time, and;

2. That [Mason State Bank's] Motion for Summary Judgment should be and is hereby sustained and granted, and;

3. That [Sekutera's] Motion for Summary Judgment should be and is hereby overruled.

The court then entered a $57,397.22 deficiency judgment in favor of Mason State Bank.

Sekutera appeals and asserts, in summary, that the district court erred (1) in failing to find that the notice Mason State Bank provided him pursuant to Neb. U.C.C. § 9-504(3) (Reissue 1980) was insufficient and (2) in thus failing to enter summary judgment in his favor. Mason State Bank cross-appeals, asserting that the district court erred (1) in failing to sustain its motion for default judgment and (2) in overruling its motion to have its requests for admissions deemed admitted.

## CROSS-APPEAL

We deal first with Mason State Bank's cross-appeal.

### Default Judgment.

Mason State Bank first argues that the district court erred in failing to sustain its motion for a default judgment. While Mason State Bank asserts that the district court "could" have sustained its motion for a default judgment because of Sekutera's failure to timely plead to or answer its amended

petition, as this court stated in *Anest v. Chester B. Brown Co.*, 169 Neb. 330, 333, 99 N.W.2d 615, 618 (1959), "[s]uch matters rest largely within the discretion of the trial court, and an abuse of discretion must affirmatively appear to justify a reversal on such a ground." See, also, *Starr v. King*, 234 Neb. 339, 451 N.W.2d 82 (1990). The record contains no evidence of such an abuse of discretion. Consequently, Mason State Bank's first assignment of error in its cross-appeal is without merit.

*Request for Admissions.*

The second concern is whether the district court ruled properly concerning Mason State Bank's request for admissions.

In that connection we first note that Mason State Bank's motion to have its request deemed admitted was unnecessary. Under Neb. Ct. R. of Discovery 36 (rev. 1986), Mason State Bank's requests were automatically deemed admitted when Sekutera failed to respond within the 30-day period which was applicable in this case.

Rule 36(a) states in relevant part:

A party may serve upon any other party a written request for the admission . . . .

Each matter of which an admission is requested shall be separately set forth by the party making the request, and shall be repeated by the responding party in the answer or objection thereto. The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . .

In *Wibbels v. Unick*, 229 Neb. 184, 190-91, 426 N.W.2d 244, 249 (1988), this court stated:

Rule 36 is self-enforcing, without the necessity of judicial action to effect an admission which results from a party's failure to answer or object to a request for admission. When a party has been served with a request for admission, pursuant to Rule 36, but fails to answer or object to the request, the subject matter of the request

> stands admitted by the unresponsive party and is conclusively established, *unless the court on motion permits withdrawal of the admission by a party's failure to respond.*

(Emphasis supplied.) Thus, Mason State Bank's request was automatically admitted by Sekutera when he failed to respond within 30 days.

These admissions would have been effective if the district court had not allowed Sekutera to withdraw them, as permitted under rule 36(b), which reads in relevant part:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. The court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him or her in maintaining his or her action or defense on the merits.

Sekutera's pleading seeking to avoid the consequences of his untimely responses to Mason State Bank's request had the effect of a motion to withdraw his admissions. Under rule 36(b), the district court had discretion to and did allow such withdrawal. Mason State Bank fails to show that the district court abused its discretion by allowing Sekutera to withdraw his admissions. No abuse of discretion having been shown, Mason State Bank's second assignment of error must also be overruled. See *Wibbels v. Unick, supra,* citing *Schuett v. Hargens,* 173 Neb. 663, 114 N.W.2d 508 (1962).

## APPEAL

The foregoing resolution of Mason State Bank's cross-appeal requires that we address the issues presented by Sekutera's appeal.

Before doing so, however, we turn our attention to Mason State Bank's argument that the issues raised are not properly before us because Sekutera did not plead lack of adequate notice as a defense and because the pretrial order excluded such an issue from consideration. While Sekutera's answer to Mason State Bank's amended petition did not specifically allege lack of

sufficient notice, the answer did in effect generally deny liability on the notes. Compliance with the notice provision of § 9-504(3) is a condition precedent to a secured creditor's right to recover a deficiency, placing upon the creditor the burden of proving compliance with that requirement. *General Electric Credit Corp. v. Lewis*, 230 Neb. 429, 432 N.W.2d 27 (1988); *Citizens State Bank v. Sparks*, 202 Neb. 661, 276 N.W.2d 661 (1979); *DeLay First Nat. Bank & Trust Co. v. Jacobson Appliance Co.*, 196 Neb. 398, 243 N.W.2d 745 (1976); *Bank of Gering v. Glover*, 192 Neb. 575, 223 N.W.2d 56 (1974). Thus, it was incumbent upon Mason State Bank to prove such compliance, irrespective of Sekutera's answer, see *Butte State Bank v. Williamson*, 215 Neb. 296, 338 N.W.2d 598 (1983), and Sekutera's general denial put the matter of notice at issue.

It is true that, ordinarily, the issues specified at a pretrial conference control the issues on which a case is tried. *Hillcrest Country Club v. N.D. Judds Co., ante* p. 233, 461 N.W.2d 55 (1990); *Bump v. Firemens Ins. Co.,* 221 Neb. 678, 380 N.W.2d 268 (1986); *Hasenauer v. Durbin,* 216 Neb. 714, 346 N.W.2d 695 (1984). However, the pretrial order in this case does not do what Mason State Bank suggests. It merely observes that Sekutera's answer "is a general denial but admits the execution of the two notes" and takes cognizance of the further allegation that Mason State Bank had neither accounted for the proceeds of sale nor disposed of the property in a commercially reasonable manner. Such an order did not withdraw the question of the adequacy of Mason State Bank's notice.

*Insufficiency of Notice.*

The first of Sekutera's summarized assignments of error questions the sufficiency of Mason State Bank's notice to him that it was going to sell his cattle.

When a creditor sells collateral which is subject to a Uniform Commercial Code article 9 security interest to satisfy all or a portion of a borrower's debt, § 9-504 sets forth the creditor's rights and obligations. Subsection (1) of that section provides that after default, a secured party may sell the collateral. Subsection (3) provides for the disposition of the collateral by public or private sale and, with certain exceptions, requires that

reasonable notice of the sale be sent by the secured party to the debtor, and states in relevant part:

> Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale.

Sekutera correctly argues that Mason State bank did not comply with the provisions of § 9-504 in that it failed to provide him reasonable notification of the time at which his cattle would be sold at public auction. As noted earlier, the notice recited that the livestock would be sold a month after the date it was in fact sold. The effect of this error was to provide Sekutera with no notice at all of the public sale of his collateral. Accordingly, the notice which Mason State Bank sent to Sekutera was insufficient as a matter of law. The record therefore sustains Sekutera's first summarized assignment of error.

### Summary Judgment.

We thus reach the question presented by Sekutera's second summarized assignment of error, to wit, whether the district court should have entered summary judgment in his favor rather than in favor of Mason State Bank.

There is no question but that Mason State Bank must bear the consequences of its failure to provide Sekutera the reasonable notice required by § 9-504(3). See *Havelock Bank v. McArthur*, 220 Neb. 364, 370 N.W.2d 116 (1985). See, also, *American Honda Finance Corp. v. Bennett*, 232 Neb. 21, 439 N.W.2d 459 (1989); *General Electric Credit Corp. v. Lewis*, 230

Neb. 429, 432 N.W.2d 27 (1988); *Deutsche Credit Corp. v. Hi-Bo Farms, Inc.*, 224 Neb. 463, 398 N.W.2d 693 (1987). The question is, What are those consequences?

Although we recently, in *Bank of Burwell v. Kelley*, 233 Neb. 396, 445 N.W.2d 871 (1989), recognized that whether a creditor's notices sufficiently informed guarantors of their status as debtors is to be determined in light of the entire conduct of the parties, we have, in a long line of cases beginning with *Bank of Gering v. Glover*, 192 Neb. 575, 223 N.W.2d 56 (1974), adhered to the rule that compliance with the requirements of the Uniform Commercial Code for notification as to the disposition of collateral is a condition precedent to a secured creditor's right to recover a deficiency, that the burden of proof is on the secured party to prove compliance with the statutory notice requirements, and that failure to give reasonable notice is an absolute bar to the recovery of a deficiency. E.g., *American Honda Finance Corp. v. Bennett, supra; General Electric Credit Corp. v. Lewis, supra; Deutsche Credit Corp. v. Hi-Bo Farms, Inc., supra; Allis-Chalmers Corp. v. Haumont,* 220 Neb. 509, 371 N.W.2d 97 (1985); *Havelock Bank v. McArthur, supra; Borg-Warner v. Watton,* 215 Neb. 318, 338 N.W.2d 612 (1983); *Butte State Bank v. Williamson,* 215 Neb. 296, 338 N.W.2d 598 (1983); *First Nat. Bank & Trust Co. v. Hughes,* 214 Neb. 42, 332 N.W.2d 674 (1983); *Citizens State Bank v. Sparks,* 202 Neb. 661, 276 N.W.2d 661 (1979); *DeLay First Nat. Bank & Trust Co. v. Jacobson Appliance Co.,* 196 Neb. 398, 243 N.W.2d 745 (1976).

In recently departing from its former rule, which reduced a creditor's deficiency judgment against a debtor who was not given proper notice by the amount of such damages as the debtor could prove, and adopting instead the absolute bar rule to which we have steadfastly adhered, the Arkansas Supreme Court, in *First State Bank of Morrilton v. Hallett*, 291 Ark. 37, 722 S.W.2d 555 (1987), made the simple observation that one seeking a deficiency judgment must meet the statutory requirements for obtaining one.

Having reaffirmed the consequences of a creditor's failure to give adequate notice of the sale of collateral, we must now ascertain whether Sekutera is entitled to summary judgment. We begin by recalling that, although the denial of a motion for summary judgment is not a final order and thus not appealable, when both parties have moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over both motions and can determine the controversy, making an order specifying the facts that appear without substantial controversy and directing such further proceedings as it deems just. *Kimco Addition v. Lower Platte South N.R.D.*, 232 Neb. 289, 440 N.W.2d 456 (1989). A party is entitled to summary judgment if the pleadings, depositions, and admissions on file, together with affidavits, show there is no genuine issue as to any material fact or as to the ultimate inferences which may be drawn from the material facts and the moving party is entitled to judgment as a matter of law. *Rosnick v. Dinsmore*, 235 Neb. 738, 457 N.W.2d 793 (1990); *Houska v. City of Wahoo*, 235 Neb. 635, 456 N.W.2d 750 (1990); *Muckey v. Dittoe*, 235 Neb. 250, 454 N.W.2d 682 (1990). The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law if the evidence presented for summary judgment remains uncontroverted. After the moving party has shown facts entitling it to judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law for the moving party. *Wilson v. F & H Constr. Co.*, 229 Neb. 815, 428 N.W.2d 914 (1988).

In arguing against this court's potential entry of summary judgment in Sekutera's favor, Mason State Bank asserts that an issue of material fact remains as to whether the perishability of the cattle sold negated the requirement that notice be sent. See § 9-504(3). In making this assertion, Mason State Bank relies upon *City Bank & Trust Co. v. Van Andel*, 220 Neb. 152, 368 N.W.2d 789 (1985). Whether the cattle were, in fact, perishable in this case does present a question of fact; however, Mason

State Bank did not plead or present evidence that the cattle sold were "perishable" under § 9-504(3). Therefore, the perishability of the cattle is not a genuine issue of material fact presented by Mason State Bank for the court's consideration.

## CONCLUSION

Sekutera having established that Mason State Bank's notice to him was insufficient as a matter of law, and the record presenting no other genuine issue of material fact, the district court erred in denying Sekutera summary judgment and in entering a judgment in favor of Mason State Bank. Accordingly, the judgment of the district court is reversed and the cause remanded with the direction that the court enter judgment in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTION.